---

(No. 11649.—Reversed and remanded.)
ALWINE PALENSKE, Appellee, *vs.* REINHOLD PALENSKE *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. BILLS OF REVIEW—*what questions are open for examination on a bill of review.* A bill of review affords a means for the correction of errors of law apparent on the face of the decree, and the questions open for examination are such questions of law as arise on the pleadings, proceedings and the decree.

2. WILLS—*statutory provision for renouncing will relates only to dower.* The provision in the Dower act that a provision in a will for a surviving husband or wife, unless otherwise expressed in the will, is a bar to dower unless a written renunciation is filed, has reference only to dower, and a failure to file such renunciation bars dower and nothing else.

3. SAME—*the doctrine of election does not rest upon any statute.* The doctrine of election does not rest upon any statute but upon the ground that one who elects to take under a will and asserts a claim to property given by the will must recognize the equitable rights of all parties under the same will and thereby ratifies all its terms and provisions, as a will must be accepted as a whole or not at all.

4. SAME—*doctrine of election applies to widow.* The doctrine of election applies to the widow the same as to any other claimant, and in the absence of anything to excuse her she must elect whether she will take under or against the will.

5. SAME—*what amounts to election by widow.* Where a testator gives all of his property, real and personal, to his wife for her natural life, to be managed by a trustee, and bequeaths to her absolutely $1000 out of a sum of $4000 in securities, which he states really belong to his wife's estate, giving the remaining $3000, after the wife's death, to his sons, if the widow, by her answer and cross-bill in a proceeding to construe the will, claims a life estate in all of the testator's property, which is decreed to her, she must be regarded as electing to ratify the will and is not entitled to assert her ownership of the $4000 as her separate property. (*Carper v. Crowl*, 149 Ill. 465, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellants.

WILSON & MAY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Julius Palenske died on June 11, 1913, leaving a last will and testament, which was admitted to probate in the probate court of Cook county on September 11, 1913. By his will he gave to his wife, the appellee, Alwine Palenske, all his property, real and personal, after the payment of debts and funeral expenses, for her natural life, to be managed by a trustee. He had been married twice and had no children of the second marriage but had children of the first marriage, and he disposed of the remainder after the life estate of his wife to his children. He had in his possession securities amounting to $4000 which were the separate property of his wife, and by the ninth clause of the will he bequeathed $1000 of that sum to his wife absolutely and gave to one son $2500 and to another $500 after the

death of his wife, so that by his will his wife was to have $1000 and a life estate in $3000 and the remainder after the life estate was to go to the sons. He stated in his will that the $4000 really came from his wife's estate and had been mixed up with his estate. On July 15, 1914, Reinhold Palenske, one of appellants and executor of the will, filed his bill in the circuit court of Cook county praying for a construction of the will and that the rights and interests of all the parties in the property therein described might be ascertained and decreed by the court and directions might be given as to carrying out the provisions of the will. Alwine Palenske, the widow, answered the bill and also filed a cross-bill, in both of which she alleged that the intention of the testator was to give her an absolute life estate in all his real and personal property, and that a provision contained in the will for the payment of a certain sum per month should be construed to mean that the executor and trustee must make payments of at least that amount. She also alleged her ownership of the securities disposed of by the will and claimed the whole sum of $4000 and in the cross-bill prayed the court to award the same to her. The issues were referred to a master in chancery, who took the evidence and reported the same with his conclusions of law and fact, and the chancellor heard the cause upon the report of the master. A decree was entered, in which it was found and decreed that Alwine Palenske was entitled to the whole net income from the estate during her life, but that the $4000 which had been disposed of by the will, by reason of the failure of the widow to renounce the terms of the will, was a part of the estate disposed of under the will, and that the remainder in the $3000 after her life estate would go to the sons. The bill in this case was afterward filed by the appellee, Alwine Palenske, alleging error of law on the face of the decree respecting the disposition of the $4000, and that the attempt to dispose of $3000 of that sum in remainder after her life estate was an error

of law, and praying that the decree in that particular be reviewed and reversed. A guardian *ad litem* was appointed for infant defendants and filed the usual answer. The other defendants demurred to the bill of review, and the demurrers being overruled elected to stand by them. The chancellor found that the alleged error of law existed, and reviewed and reversed the decree and ordered the trustee to pay to the appellee the $4000, less the $1000 given her by the will. This appeal was prosecuted from that decree.

A bill of review affords a means for the correction of error of law apparent on the face of a decree, and where a bill is filed for that purpose the questions open for examination are such questions of law as arise on the pleadings, proceedings and decree. (*Ebert* v. *Gerding,* 116 Ill. 216; *Bruschke* v. *Nord Chicago Schuetzen Verein,* 145 id. 433.) In the original decree the chancellor found that by reason of the failure of the widow to renounce the terms of the will her securities therein disposed of were a part of the estate and should go as provided by the will. Strictly speaking, the finding was perhaps not accurately expressed, because the statutory provision for a written renunciation by a widow within one year after letters of administration are issued relates only to dower. The provision is contained in the Dower act, and under that act the provision of the will of a deceased husband or wife for a surviving husband or wife, unless otherwise expressed in the will, is a bar to dower unless the renunciation is filed. Such a provision in a will is an offer to purchase the dower interest for the benefit of the estate, (*Blatchford* v. *Newberry,* 99 Ill. 11,) and the failure to renounce the will bars dower, and nothing else. (*Carper* v. *Crowl,* 149 Ill. 465.) It is also declared by section 76 of the Administration act that the right of a widow to her award shall not be affected by her renouncing or failure to renounce the benefit of the provisions made for her in the will of her husband, which is similar to the provision contained in section 50 of the Statute of Wills

281 — 37

in the Revised Statutes of 1845. (*Deltzer* v. *Scheuster,* 37 Ill. 301.) The court, however, further found that the appellee had elected to take under the will and would be held by its terms, and if the conclusion of law from the fact so found was correct there was no error of law in the decree.

The equitable doctrine of election does not depend upon any statute but rests upon the ground that one who elects to take under a will and asserts a claim to property given by the will must recognize the equitable rights of all parties under the same will and thereby ratifies all the terms of the will. A beneficiary cannot insist upon provisions of a will in his favor and deny the validity of the provisions to his prejudice, but the will must be accepted as a whole or not at all. (*Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Brown* v. *Pitney,* 39 id. 468; *VanSchaack* v. *Leonard,* 164 id. 602; *Fry* v. *Morrison,* 159 id. 244; *Pace* v. *Pace,* 271 id. 114.) The doctrine, being independent of the statutory provision, applies to a widow the same as to any other claimant, and in the absence of anything which would excuse her she must elect whether she will take under or against the will. (40 Cyc. 1964.) In *Carper* v. *Crowl, supra,* there was no devise of the fee in the wife's land after the life estate and the assertion of title by her grantees was not inconsistent with any devise under the will, as was fully explained in *Pace* v. *Pace, supra,* while in this case the claim of the appellee is inconsistent with the will and if sustained would deprive legatees of the remainder in $3000 after her life estate. By the answer and cross-bill in the original suit set out in the bill in this case the appellee claimed a life estate in all the testator's property, real and personal, and thereby elected to ratify the will, and it was error to overrule the demurrers to the bill.

The decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*