(No. 15609.—Reversed and remanded.)

BESSIE VYVERBERG, Appellee, *vs.* WILLIAM A. VYVERBERG
*et al.*—(EMIL F. SCHULZ *et al.* Appellants.)

*Opinion filed December 19, 1923—Rehearing denied Feb. 8, 1924.*

1. BILLS OF REVIEW—*whether a decree is supported by evidence
cannot be determined by bill of review.* On a bill to review a de-
cree for errors apparent on the face of the record, questions open
for examination are such as arise on the pleadings, proceedings
and decree, and the question whether the facts found in the de-
cree are in accordance with the evidence cannot be determined,
as in such case the remedy is by appeal or writ of error.

2. SAME—*on bill to review decree a purchaser will be protected
if court had jurisdiction.* An attack upon a decree by a bill of
review is collateral so far as a purchaser who was not a party to
the suit is concerned, and his title under the decree will be pro-
tected if the court had jurisdiction of the parties and subject matter.

3. JURISDICTION—*orders of court exercising statutory jurisdic-
tion are entitled to full faith and credit.* The jurisdiction of a
court in the exercise of special authority conferred by statute must
be made to appear by its record; but such jurisdiction is complete,
and the orders of the court, when they appear to be entered in
the exercise of such jurisdiction, are entitled to as full faith and
credit as those of a court of general jurisdiction.

4. HUSBAND AND WIFE—*rights of a purchaser under a decree
authorizing release of homestead and dower of insane wife of the
grantor.* Where the record on its face shows that the jurisdic-
tional conditions imposed by statute to authorize the sale of real
estate free from the homestead and dower interests of an insane
wife have apparently been complied with, a purchaser under the
decree in good faith and for value will be protected against a bill
of review filed by the wife after her restoration to reason even
though the decree may have been erroneous.

5. SAME—*statute does not require adjudication of insanity one
year prior to petition for sale of real estate.* Section 17 of the
Husband and Wife act, providing the method for obtaining a de-
cree for the sale of real estate free from the homestead and
dower interests of husband or wife where either has been insane
for more than a year prior to the petition for such decree, does
not require an adjudication of insanity one year prior to the fil-
ing of the petition.

6. SAME—*purchaser is not proper party to decree for sale of
real estate under section 17 of Husband and Wife act.* The pur-

pose of section 17 of the Husband and Wife act is to enable the husband or wife whose spouse has become insane to sell real estate free from any claim of the insane spouse, and the purchaser under the decree is not a proper party to the proceeding, and if the record shows jurisdiction of the subject matter and the parties he may rely upon the decree the same as any other stranger to the adjudication and need not inquire into the correctness of the decree.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

FRANK F. ARING, for appellants.

A. W. MARTIN, and EDWARD H. S. MARTIN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On a bill of review of a decree of the circuit court of Cook county entered on February 8, 1906, in the case of William A. Vyverberg against Bessie Vyverberg, which directed the release of the rights of dower and homestead of Bessie Vyverberg in certain real estate in Cook county, the court reversed the decree, set aside two deeds made subsequent to the decree so far as they affected Bessie Vyverberg's dower and homestead rights, and ordered an accounting of rents and profits. Emil F. Schulz and Robert Schulz, two of the defendants, have appealed.

William A. Vyverberg and Bessie Vyverberg were married on July 3, 1895. On March 12, 1900, he bought the real estate in question for $2500, $1000 of which he paid with his own money, assuming a mortgage for $1500, upon which he afterward paid $200. He occupied the premises with his wife and three children as a homestead until September 15, 1904. On that date Mrs. Vyverberg was adjudged insane by the county court of Cook county and was committed to the hospital for the insane at Kankakee, where she remained until 1912. On April 7, 1912, it was adjudged by the county court of Cook county that she had

been restored to her reason. The decree of February 8, 1906, which the bill of review sought to reverse, was rendered upon the petition of Vyverberg filed on November 8, 1905, under section 17 of chapter 68 of the Revised Statutes, praying for a decree empowering him or some other person to execute a deed relinquishing Mrs. Vyverberg's right of dower and homestead in the premises. A summons was issued and returned served, a guardian *ad litem* was appointed for the defendant, who filed an answer, a replication was filed, the cause was heard, and a decree was entered authorizing and directing John C. Wilson to execute, jointly with the petitioner, a deed of conveyance to Ludwig Schulz of the real estate in question, releasing and waiving all right of dower and homestead of Mrs. Vyverberg in the premises. It was further ordered that Vyverberg enter into bond in the sum of $400 to the People of the State of Illinois, with good and sufficient surety, conditioned that he would from time to time within the next five years pay or cause to be paid the sum of $200 for the proper support and maintenance of Mrs. Vyverberg. The bond which was executed and filed in the cause was dated December 19, 1905, and recited that the decree was entered on that date. On March 12, 1906, Vyverberg and Wilson executed a deed of the premises to Ludwig Schulz releasing and waiving dower and homestead of Mrs. Vyverberg. The deed was filed for record March 13, 1906, and Schulz having afterward died, two of his heirs, Emil F. and Robert Schulz, by a conveyance of the other heirs became vested with Ludwig's title. The bill alleged that the appellee remained insane continuously from her commitment to the hospital at Kankakee until 1912, and Vyverberg did not, during the five years succeeding the entry of the decree, pay or cause to be paid for the support and maintenance of the appellee any sum whatsoever, and that the deed executed by Vyverberg and Wilson to Ludwig Schulz, and the deed to Emil F. and Robert Schulz by the heirs of Ludwig, were

null and void as to the appellee. Emil F. and Robert Schulz, as well as Vyverberg and Wilson, were made defendants to the bill and answered it.

The bill of review was based upon error apparent on the face of the record, and some of the findings of fact, such as that since the appellee's release from the hospital her husband had not provided her any homestead but had abandoned her and refused to live with her, have nothing to do with error in the record of the proceedings on the petition. By the filing of the petition and service of process the court acquired jurisdiction of the subject matter and the parties, and a guardian *ad litem* was duly appointed for the appellee. No complaint is made of the regularity of these proceedings. The errors alleged in the bill of review were, that the bond was incapable of enforcement because it was dated before the entry of the decree and recited that the decree was rendered on the day of its date, December 19, 1905, instead of the true date, and did not conform to the decree because it was conditioned for the payment of $200 within five years from December 19, 1905, instead of February 8, 1906; that the decree is erroneous because it finds that the appellee was adjudged insane September 15, 1905, which was less than a year before the filing of the petition; because it provided that Ludwig Schulz should not be required to see to the application of the purchase money; because it provided for the approval of the bond by the clerk, and because it required the payment of the $200 from time to time within five years, without providing definitely at what times and in what amounts the sums should be paid. The court found that the decree should be reversed for these alleged errors, and also for the reason that the court found that the homestead right of the wife in the homestead estate of her husband is a present vested right and is valued at $1000, and in the absence of her competency and consent to relinquish it cannot be less than $1000, and it was error for the court to omit to require se-

curity for the homestead right of $1000 and in addition for the dower interest and support of the appellee.

The errors alleged and those found by the court are all merely questions of procedure and not jurisdictional questions. They do not affect the right of the court to hear and decide but only go to the question of the correctness of the court's decision. Neither the appellants nor Ludwig Schulz, their father, who was their predecessor in title, were parties to the suit.

"A bill of review, pure and simple, and as distinguished from a bill of review for newly discovered evidence or a bill in the nature of a bill of review, is in the nature of a writ of error, and it is brought for error of law apparent upon the face of the decree itself, the decree, for the purposes of the review, including not only the adjudication, but also the pleadings and the facts as found in the original cause. (*Griggs* v. *Gear,* 3 Gilm. 2.) Such a bill may be brought as a matter of right and without leave of court." (*Allerton* v. *Hopkins,* 160 Ill. 448.) On a bill of review for errors apparent on the face of the record the court is precluded from an investigation of the evidence, since the decree to be examined in such a case includes only the adjudication, pleadings and the facts as found in the original cause. (*Clark* v. *Waggoner,* 283 Ill. 199.) The questions open for examination are such questions as arise on the pleadings, proceedings and decree. (*Palenske* v. *Palenske,* 281 Ill. 574.) The question is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court correctly applied the law to the facts found by it. If the findings of the court upon matters of fact are not supported by the evidence, the remedy is by appeal or writ of error and not by a bill of review. (*Ebert* v. *Gerding,* 116 Ill. 216.) An attack upon a decree by a bill of review is collateral so far as a purchaser who was not a party to the suit is concerned, and his title will be protected if the court had jurisdiction of

the parties and the subject matter. *Hedges* v. *Mace,* 72 Ill. 472; *Teel* v. *Dunnihoo,* 221 id. 471.

The appellee contends that the decree is void because the bond given by the petitioner was not such as the statute required, and that, even if the court had jurisdiction of the parties and the subject matter, its decree exceeded its jurisdiction since the court was exercising a special statutory jurisdiction, which authorized the rendition of a decree upon certain conditions which must appear before the court has jurisdiction to order the sale. The jurisdiction of a court in the exercise of special authority conferred by statute must be made to appear by its record, but the jurisdiction of a court in the exercise of such special authority is complete, and its orders, when they appear to be entered in the exercise of such jurisdiction, are entitled to as full faith and credit as those of a court of general jurisdiction.

It is contended that the statute requires the execution of a bond as a condition precedent to the entry of the decree, and the cases of *Frothingham* v. *Petty,* 197 Ill. 418, and *Blake* v. *Blake,* 260 id. 70, are cited as sustaining this position and as illustrating the distinction where the giving of a bond is jurisdictional and where it is not. The former case involved a decree for the sale of lands of the decedent, upon the petition of his administrator, for the payment of debts. The statute directed that when it becomes necessary to sell the real estate of an intestate for the payment of debts against his estate, the court should require the administrator to give further and additional bond, with good and sufficient security. The court made no order requiring such additional bond and none was given. It was held that the oversight of the court in failing to require the additional bond was a mere irregularity which did not render the administrator's sale void and did not defeat the title of the purchaser, who was not a party to the record. In the latter case the sale involved was by a guardian, and the statute provided that the court should make no order for sale upon

petition of the guardian until the guardian should have executed and filed a bond. Therefore it was said that the filing of the bond was a jurisdictional prerequisite to judicial action by the court. A bond was filed which was forged, but it was approved by the court, and it was further said that it appeared from the face of the record that the statute had been complied with, and the fact that the bond was forged did not affect those subsequently dealing with the property. A purchaser would be protected if the facts necessary to give the court jurisdiction appeared on the face of the record.

In this case section 20 of the statute directs that the court shall require the petitioner at the time, and as one of the conditions of granting the decree, to give such security for the protection of the interests and for the proper support of such insane person as the court shall deem satisfactory, and may from time to time renew or change the same or require additional security, or the court may order such portion of the money received from the sale of the property as the court shall deem equitable and just to be set apart in such manner as the court shall direct, for the use and benefit of such insane person. Whether jurisdictional or not, this requirement of the statute was complied with. The court required the petitioner to give such security for the protection of the interests and for the proper support of his insane wife as the court deemed satisfactory. Whether the court correctly estimated the extent and value of the appellee's interest in the property is not a question to be considered on a bill of review as against purchasers in good faith for value under the decree. The court had jurisdiction and was authorized to decide, and did decide, upon the security that was necessary and did decide that the bond presented was satisfactory.

A further objection which the appellee makes to the original decree is, that the requirement of section 17 of the

statute that the wife must have been insane continuously for a period of not less than one year before the filing of the petition means that she must have been adjudged insane in a proceeding where she might have the right of trial by jury at least one year prior to the filing of the petition, and inasmuch as the decree sought to be reviewed found the date of adjudication was less than a year prior to the filing of the petition the court was lacking in jurisdiction. The language of the section is, "when the husband or wife is insane and shall have been insane continuously for a period of not less than one year," and has no reference to an adjudication.

It is contended that Ludwig Schulz was a privy to the record because the only purpose of the proceeding was to obtain the appointment of someone to sign the appellee's name to a deed to him in performance of the contract which her husband had made with him before the petition was filed, and that the petition was filed as much for his benefit as if he had been the petitioner by name. The object of the proceeding authorized by section 17 is to enable the husband or wife whose spouse has become insane to sell the real estate of the insane spouse when circumstances require it and to convey the title free of any claim of the insane spouse. The purchaser is not a proper party to the proceeding. He has no rights to be enforced, and the proceeding is not for his benefit but is for the benefit of the owner of the property. He has nothing to do with it, and if he acts in good faith without knowledge of any fraud in regard to the proceeding, he may rely upon the decree the same as any other stranger to an adjudication. The proceeding being in his chain of title, he is bound by a knowledge of what the record shows to the extent that it shows jurisdiction or lack of jurisdiction, but only so far. If the record shows jurisdiction of the subject matter and the parties he is under no obligation to inquire further as to whether the question has been correctly decided in the

court. The record shows that the court had jurisdiction in the original proceeding, and mere errors, if any occurred, are not sufficient to justify the reversal of the decree to the destruction of the rights acquired by the appellants.

The decree is reversed and the cause will be remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*