(No. 16751.—Decree affirmed.)
VIOLA M. HOOVER REGNER, Appellant, *vs.* MERRITT O. HOOVER, Appellee.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. BILLS OF REVIEW—*bill of review cannot take place of writ of error.* A bill of review is in the nature of a writ of error and is brought for error of law apparent on the face of the decree, but it cannot be made to function as an appeal or writ of error.

2. SAME—*what necessary to maintain bill of review on account of fraud—burden of proof.* A bill of review on the ground of fraud must show that the complainant was prevented from interposing a defense by fraud and without negligence or fault on the complainant's part, and the burden is on the complainant to establish the fraud by clear and satisfactory evidence.

3. SAME—*question whether pleadings support the decree cannot be raised.* Where the court had jurisdiction of the parties and of the subject matter its decree will not be set aside in a proceeding by bill of review on the allegation that it is not sustained by the pleadings, as that question should be reviewed by appeal or error.

4. SAME—*what errors are not open on a bill of review.* Errors which present questions of procedure and not jurisdiction, and which do not reach the matter of the right of the court to hear and decide the cause, go only to the question of the correctness of the court's decision and are not open on a bill of review.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

BENNISON F. BARTEL, for appellant.

EARL J. WALKER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant filed a bill in the nature of a bill of review seeking to vacate and set aside a decree *pro confesso* entered against her in the superior court of Cook county on January 22, 1924, in a cause in which Merritt O. Hoover, her father, was complainant and the appellant, with her husband, Harry Regner, and the Security Bank of Chicago, were defendants. Relief is sought in this bill of review on the ground that there is error apparent on the face of the record and fraud in procuring the decree. The error alleged was, that relief was granted in the decree that was not warranted by the allegations of the bill or prayed in the prayer thereof. On hearing, the bill was dismissed for want of equity.

Considerable space in the briefs is devoted to the merits of the cause under the original bill. Such questions have no place in the consideration of this cause. The question here is whether the original cause ought to be opened to trial on its merits.

A bill of review is in the nature of a writ of error and is brought for error of law apparent on the face of the decree and for the purpose of the review. It includes not only the decree but the pleadings and facts as found in the original cause. (*Vyverberg* v. *Vyverberg,* 310 Ill. 599; *Palenske* v. *Palenske,* 281 id. 574.) An attack on a decree by a bill of review is collateral. The question is not whether the facts found in the decree under review are in accordance with the pleading and evidence but is one of law. A bill of review cannot be made to function as an appeal or writ of error. (*Harrigan* v. *County of Peoria,* 262 Ill. 36.) Remedy for error in the final decree is by appeal or writ of error, and the error to be reviewed by a

bill of review must be more than the result of a mistaken judgment. The question whether there is an error apparent on the record is one of law, as where an infant has not had his day in court or where the decree provides relief against the provisions of statute law, as a decree directing a legacy to be distributed contrary to the statute of distribution. (Story's Eq. Pl. sec. 405.) With these rules in mind we come to the consideration of the facts involved in the bill in this case.

The appellee is a doctor in the city of Chicago and had purchased a number of valuable parcels of real estate. In each instance he took the title in the name of his daughter, Viola, the appellant. The original bill filed in the cause charged that the property was placed in her name upon her express promise to re-convey the same to him at his request. It appears from the evidence that Dr. Hoover and the appellant were closely associated for a number of years. The doctor conducted an office, and the appellant conducted a drug store and assisted in his office. She kept the books and had the bank account in her name as well as the title to the real estate. It is apparent that this relation was one of confidence. On June 27, 1923, the appellant was married to Harry Regner. She kept this fact from the appellee, denying it when asked about it by him, and he did not learn of it until September 9, 1923. Thereafter, on September 23 he filed in the superior court of Cook county the bill in the proceeding sought to be reviewed, praying that he be declared the equitable owner of the real estate involved here.

Up to this point there appears to be but little dispute. The evidence supporting the allegations of the bill of review is to the effect that the appellee met the appellant at a hotel in the city of Chicago, where summons was served upon her; that the appellee informed her that he was sorry he had instituted suit and that it was filed on account of her marriage to Regner; that it would not be necessary

for her to pay any attention to it, as he would have the case dismissed. The appellant testified that on October 1, 1923, he again told her it was not necessary for her to pay any attention to the summons; that he had instructed his lawyer to dismiss the case; that on November 8 he told her the case had been dismissed and that he wanted her to go to the bank and assist in straightening out certain difficulties arising by the filing of the suit; that she went with him and that the appellee there instructed the officers of the Security Bank, which had been made a defendant in the original bill, to disregard the suit and to honor checks signed by her; that while at the bank she withdrew from her savings account the sum of $2407.05 and deposited it in their joint checking account and drew a check for the sum of $4120 to pay off a mortgage on one of the pieces of property; that other transactions in relation to the matter were then had; that she was informed in December that the case had been dismissed, and again on January 19 and January 31, 1924, but that on February 21 the appellee came into her store and for the first time informed her that he owned all the property that had been placed in her name; that he had procured a decree to that effect; that she found out later that a decree had been entered and that the term of court at which this was done had gone by.

The appellant's testimony as to assurances on the part of the appellee that the suit had been dismissed is corroborated by Blanche Nathan, a sister of the appellant. On the other hand, Fred Kemp testified that on January 14 he was in the drug store of the appellant and heard the appellee say that he wanted his property back, and that the appellant refused to convey; that the appellee said he was going to his attorney, and the appellant said that she had employed a lawyer in the Tribune building and had paid him a fee. Margaret Peterson, another witness, testified that she heard Hoover demand the return of his property but that the appellant refused to re-convey, and stated that

she had employed a lawyer, paid him a fee and was going to fight the case. This, she testified, was on January 16. Another witness, John Smith, testified that on Monday, January 14, he was in the drug store and heard Hoover say he wanted his property back; that he wanted it for the family; that he was going to take the appellant to court; that she replied she had engaged a lawyer and for him to go ahead. Minnie Collins testified that on the evening of January 16 she was present and heard the conversation between the appellant and the appellee detailed by Mrs. Peterson. Her testimony was in substance the same as that of Mrs. Peterson. Margaret Brown testified to having heard a conversation between the appellant and the appellee in which the latter was demanding the return of the property and the appellant said that she wanted to talk to her husband; that the appellant asked the witness whether or not they could take the property away from her if she refused to go into court. Harry L. Brown, husband of Margaret Brown, testified that he was in the drug store of the appellant on January 12, 1924, and was told by her that the appellee was taking her into court; that she inquired about a lawyer, stating she wanted a lawyer in a hurry; that she wanted to know if she stayed out of court she could still keep the property.

It is evident that the proof does not sustain the charge that the appellant was prevented from presenting her case by reason of representations on the part of the appellee. The clear weight of the testimony is that she knew that the suit was pending. In order to grant relief under a bill of this character on account of fraud, it must show that the complainant was prevented from interposing a defense by fraud and without negligence or fault upon her part. (*Crane Co.* v. *Parker,* 304 Ill. 331; *Kretschmar* v. *Ruprecht,* 230 id. 492; *Telford* v. *Brinkerhoff,* 163 id. 439.) The burden of proof is on one charging fraud to establish the same by clear and satisfactory evidence. (*French* v.

*Thomas,* 252 Ill. 65; *Boyden* v. *Reed,* 55 id. 458.) The court did not err in finding that the charge of fraud was not sustained.

Counsel contends that relief in this case should be granted because, it is argued, the pleadings did not justify the decree. It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present questions of procedure and not jurisdiction, and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the correctness of the court's decision and are not open on a bill of review. *Vyverberg* v. *Vyverberg, supra.*

There are no errors apparent on the face of the record, as complained by the appellant, and the decree of the superior court of Cook county will be affirmed.

*Decree affirmed.*