Caryl Frink MacArthur (Complainant), Appellant, v. Charles G. MacArthur (Defendant), Appellee.

Gen. No. 33,221.

352

Opinion filed May 29, 1929.

Reid, O'Connor & Wiley, for appellant.

Kirkland, Fleming, Green & Martin, for appellee; Howard Ellis and Allan W. Cook, of counsel.

Mr. Justice Ryner delivered the opinion of the court.

On December 8, 1927, the complainant filed her bill of complaint in the superior court of Cook county for the purpose of having corrected supposed errors apparent upon the face of the record in a divorce proceeding in the same court. A demurrer was interposed to the bill and sustained. Thereupon she filed an amended bill of complaint. A demurrer to this pleading was likewise sustained and the amended bill of complaint dismissed for want of equity. She was granted this appeal from the decree of dismissal.

The substance of the material allegations of the amended bill of review is as follows:

On September 10, 1923, the complainant filed her bill for divorce against the defendant charging him with extreme and repeated cruelty. On March 8, 1926, the defendant answered and filed a cross-bill in which he charged the complainant with desertion. On May 10, 1926, an order was entered dismissing the defendant's cross-bill and giving leave to the complainant to amend her bill. She forthwith amended her bill by adding a charge of desertion. An immediate hearing was had. On June 26, 1926, a decree was entered granting a divorce to the complainant. It recited that the cause came on for hearing as a default matter and that the parties had made a property settlement in lieu of alimony. It provided that the defendant pay to the complainant the sum of $1,000 for her solicitor's fees and expense money. On October 11, 1926, an order was entered satisfying the decree in respect to the payment of the solicitor's fees. On

July 9, 1927, the trial court entered an order as follows:

"This cause coming on this day to be heard upon the motion of the complainant, Caryl Frink MacArthur, by Frank R. Reid, her solicitor, praying the court to enter an order herein *nunc pro tunc* as of June 4, 1926, showing that the complainant herein moved the court on June 4, 1926, to dismiss her amended bill of complaint herein, which motion was then denied by the Court, and also comes the defendant, Charles G. MacArthur, by Kirkland, Patterson & Fleming, his solicitors, and the court having heard the arguments of counsel and being fully advised in the premises doth find as follows:

"First: That on the 4th day of June, 1926, certain proceedings were had in said cause before the Honorable Harry A. Lewis, Judge of the Superior Court of Cook County, Illinois, who presided at trial of this cause resulting in a certain entry, minute, memorandum and memorial being made in the minute book of Harry A. Lewis, said Judge of this Court, and in his handwriting, which is as follows:

" 'Motion of Sabath to dismiss, when fees were paid, denied and cause continued to June 15th.'

"Second: That this Court having personally inspected the record finds no draft or memorandum of any order spread upon the records of this Court entered on said day as a result of the said proceedings.

"Third: The Court further finds that it appears from the said entry, minute, memorandum and memorial that the court did on June 4, 1926, deny the motion of the solicitor for the complainant herein to dismiss her cause and that an order should be entered herein *nunc pro tunc* as of June 4, 1926, denying the said motion of the solicitor for the complainant to dismiss her cause herein.

"It is therefore, ordered, adjudged and decreed that the records of this Court be amended to show the motion of the complainant herein to dismiss her cause, and that the motion was denied. It is further ordered, adjudged and decreed that this order be and the same is hereby entered *nunc pro tunc* as of June 4, 1926."

The amended bill of review concludes with the representation that the complainant "never at any time received or accepted any benefit under the said decree; that the payment of the sum of $1,000 as and for her permanent solicitor's fees was made directly to her solicitor and was accepted without her knowledge, authority or consent and in contravention of her express direction to her solicitor to dismiss her bill; that she had no knowledge that such payment had been made for the space of about a year after the entry of said decree."

It contains no charge of fraud and there is no offer to present newly discovered evidence. This being true, the trial court was given jurisdiction only to examine the pleadings and the final decree for the purpose of correcting errors, if any, apparent upon the face of the record. A bill of review does not empower the trial court to review its own proceedings had during the progress of the trial. The sole purpose of such a bill is to permit an examination of the pleadings and the final decree for the purpose of determining whether it is apparent that the law has been misapplied to the facts as found in the decree.

Under the decisions of the Supreme Court of Illinois only the pleadings and the final decree can be considered in determining whether or not errors apparent appear on the face of the record. *Griggs v. Gear,* 8 Ill. (3 Gilm.) 2. The court there said:

"In such a case no question is raised as to the propriety of the determination of the matters of fact, or the evidence upon which the decree is founded, but

it is only upon matters of law as arising upon the facts, which are to be taken as absolutely true, as stated in the decree, that any question can be raised. By decree here, must be understood, not only the final judgment of the court, but the pleadings also, the substance of which, according to the English practice, is recited in the decree.''

In *Turner v. Berry,* 8 Ill. (3 Gilm.) 541, the Supreme Court of this State said:

''Upon a bill of review, the sufficiency of the evidence to establish the facts, as found, cannot be controverted. It is not a misjudging of the facts that a party can complain, but for an improper determination of the law. In the case of *Whiting v. The Bank of the United States,* 13 Peters 6, the court says: 'In England, the decree always recites the substance of the bill, and answer, and pleadings, and also the facts on which the court founds its decree. But in America, the decree does not ordinarily recite either the bill, or answer, or pleadings, and, generally, not the facts on which the decree is founded. But, with us, the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record.' ''

In *Evans v. Clement,* 14 Ill. 206, a part of the opinion is as follows:

''Upon such a bill questions of fact are not open for discussion. To adjudicate properly upon facts, as found, of course the pleadings are to be considered, but nothing further. Were the court to reconsider the evidence, it would in every respect perform the office of an appellate court, upon its own decisions. Such a course would be inconsistent with the well-settled practice of courts of equity. On this subject Lord Eldon said, in the case of *Perry v. Phillips,* 17 Ves. 178: 'If I am to hear this case upon the ground that the judgment is wrong, though there is no error apparent, the consequence is, that in every instance a bill

of review may be filed; and the question whether the case is well decided will be argued in that shape; not whether the decree is right or wrong on the face of it. The cases of error apparent, found in the books, are of this sort, an infant not having a day to show cause, etc., not merely an erroneous judgment.' ''

And quoting further from page 209:

''The law on this subject is very clearly stated by Mr. Justice Story. He says: 'In regard to errors of law apparent on the face of the decree the established doctrine is, that you cannot look into the evidence in the case, in order to show the decree to be erroneous in its statement of the facts. That is the proper office of the court on an appeal. But taking the facts to be as they are stated to be on the face of the decree, you must show that the court have erred in point of law. If, therefore, the decree do not contain a statement of the material facts on which the decree proceeds, it is plain 'there can be no relief by bill of review, but only by an appeal to some superior tribunal.' ''

In *Regner v. Hoover,* 318 Ill. 169, the court expressed itself as follows:

''Counsel contends that relief in this case should be granted because, it is argued, the pleadings do not justify the decree. It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present questions of procedure and not jurisdiction, and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the correctness of the court's decision and are not open on a bill of review. *Vyverberg v. Vyverberg, supra* [310 Ill. 599].''

Expressions have crept into the opinions of the Supreme Court in a few cases which might afford grounds for the contention that all of the proceedings in a case are subject to investigation on a bill of review. A brief survey of these cases, however, will disclose that these expressions are *obiter dicta* and contrary to the holding in all other cases in Illinois treating on the subject.

In *Vyverberg v. Vyverberg,* 310 Ill. 599, the court, in considering some of the authorities dealing with bills of review, said: "The questions open for examination are such questions as arise on the pleadings, proceedings and decree," citing *Palenske v. Palenske,* 281 Ill. 574. In the *Palenske* case the court said: "A bill of review affords a means for the correction of error of law apparent on the face of a decree, and where a bill is filed for that purpose the questions open for examination are such questions of law as arise on the pleadings, proceedings and decree," citing *Ebert v. Gerding,* 116 Ill. 216, and *Bruschke v. Der Nord Chicago Schuetzen Verein,* 145 Ill. 433. The only reference in *Ebert v. Gerding* to proceedings is contained in the language, "Reading the pleadings and the decree together, in the proceedings here under review, it is evident that the discharge of the first mortgage by Gerding was not intended to be an absolute payment." In *Bruschke v. Der Nord Chicago Schuetzen Verein,* the court held that, as a general rule, the question raised by a bill of review is whether the court rendering a decree has correctly applied the law to the facts as found by it. Story is also quoted from as follows: "In a bill of this nature, it is necessary to state the former bill, and the proceedings therein, the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it."

The origin of the error in the line of cases above commented upon must be in the construction placed

upon the quotation from Story. Clearly Story did not intend, by the expression "proceedings therein," to include and make reviewable all proceedings in a cause. In fact he did not use the exact expression. Instead he used the words *"proceedings thereon,"* and by proceedings on the bill he, undoubtedly, referred to the subsequent pleadings and the final decree or the final decree alone. Certainly he did not intend to include interlocutory orders any more than he intended to include the evidence.

If, however, any doubt ever existed about the matters which the court may consider on a bill of review, it has been completely removed by the well-considered case of *Regner v. Hoover, supra.* Errors which present questions of procedure are not open to consideration on a bill of review. Even the sufficiency of the pleadings to sustain the decree will not be inquired into.

In the instant case the final decree in the divorce proceedings shows no motion of the complainant to dismiss her suit. In fact the motion to dismiss and the rulings of the court thereon were not made a matter of record until over a year after the entry of the decree. The order of the court that its order denying the motion should be entered *nunc pro tunc* as of a date prior to the time of the entry of the divorce decree does not render the decree subject to the objections or error apparent upon its face. If the decree had found that the complainant had moved to dismiss her bill with costs and without condition, she might be heard to say that the decree disclosed error upon its face. This did not occur and a bill of review cannot be used to serve the purpose of an appeal or a writ of error.

Even if the question sought to be determined on this appeal could be presented by a bill of review we are of the opinion that the trial court did not err in denying the motion to dismiss. Decisions of the courts of

this State are uniform to the effect that, in the absence of a cross-bill on file, the complainant in a proceeding in equity may, at any time before the entry of a final decree, dismiss his suit at his own costs and without imposing any conditions. The order of July 9, 1927, shows that it was based solely upon a memorandum made by the trial judge as follows: "Motion of Sabath to dismiss, when fees were paid, denied and cause continued to June 15." Despite the order entered by the court, the memorandum shows conclusively that the motion was made upon the condition that solicitor's fees were first to be paid, before the suit should be dismissed. The complainant was without right to withdraw her suit upon condition that she first receive a substantial benefit from the proceeding. She did not even offer to pay the costs.

The only contention here presented by counsel for the complainant is that this court should reverse the decree of dismissal because the trial court erred in not granting complainant's motion to dismiss her bill. The issue is not properly before us and, if it were, we would be obliged to hold that the trial court did not **err** in denying the motion.

The decree of the superior court of Cook county is accordingly affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.