Roman Frydrychowicz, Appellant, v. Peter L. Evans et al., Appellees.

Gen. No. 39,596.

Opinion filed May 3, 1938.

G. A. BURESH, of Chicago, for appellant.

SIDNEY W. MANDEL and ALBERT LANGELUTTIG, both of Chicago, for certain appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Roman Frydrychowicz, plaintiff, owner and holder of one bond in the sum of $500 secured by trust deed, had leave to file a bill of review in the superior court wherein he sought to reverse a decree of foreclosure entered July 5, 1934, in the consolidated foreclosure causes entitled Peter L. Evans, as successor trustee, et al. v. Philip Ram et al., General No. 565,559, and Morris Brooks v. Philip Ram et al., General No. 530,032, for error apparent upon the face of the decree. Certain defendants interposed a motion to

dismiss the bill, setting forth thirteen specific grounds therefor. After considering the pleadings, the chancellor dismissed the bill of review for want of equity, and plaintiff has prosecuted this appeal to reverse the order thus entered.

It appears from the pleadings that February 5, 1924, Philip Ram and Rose Ram became indebted in the sum of $26,000, and executed and delivered their 52 bonds of $500 each with interest, secured by trust deed due in five years. On October 31, 1924, they sold the property, and by mesne conveyances defendants, Marek Kraus and wife, and Isidore Brown and wife, became the owners thereof. On February 5, 1929, the owners and the trustee entered into an extension agreement in writing, whereby payment of these bonds was extended to February 5, 1934, the interest was reduced to 6 per cent, interest coupons were executed and delivered representing the interest for the extended period, and the owners promised to pay the principal of the bonds. The interest for the extended period was paid to and including February 5, 1931, when a default occurred in interest and in the payment of taxes for 1928. Thereupon various bondholders brought two separate suits to foreclose the trust deed, which were consolidated under General No. 565,559. Philip and Rose Ram, as the makers of the paper, filed an answer claiming that they had no knowledge of the extension and should be released from personal liability upon the bonds and the trust deed, and the Krauses and Browns in their answer alleged that the extension agreement was void and that they were not personally liable for the payment of the bonds or interest thereon. After the petition for leave to file the bill of review was presented to the court, but before the bill was filed, the property was sold under the decree, leaving a deficiency of approximately $30,000.

The bill of review challenges the decree for errors apparent upon the face of the decree in the following particulars: It is alleged that in one part of the decree the court found that Philip and Rose Ram were the mortgagors and were originally liable on the bonds and trust deed; that they sold the property by mesne conveyances to the Krauses and Browns, who became grantees thereof; that the grantees and bondholders executed a valid and binding extension of the mortgage indebtedness, supported by a good consideration, but that the mortgagors did not agree or consent thereto, and therefore the defendants, Philip and Rose Ram, were discharged from personal liability on the mortgage indebtedness; that the court in another part of the decree concluded that the extension agreement was not a valid or binding extension, that there was no consideration therefor, and that the grantees did not become bound and are not personally liable for the mortgage indebtedness or any part thereof. In other words, it is argued that the court, upon the same evidence and findings of fact, concludes that the extension agreement is valid and discharges the original mortgagors, and at the same time finds that the extension agreement is invalid and does not bind the makers thereof. Because of this inconsistency in the decree plaintiff contends that it should be reviewed and reversed for error apparent upon the face of the decree.

A considerable portion of the briefs for the respective parties is devoted to argument and discussion of authorities relating to the question whether the mortgagors were or were not released from personal liability for payment of the deficiency, depending upon the validity of the extension agreement; whether there was a valid consideration therefor; whether all the necessary pleadings in the consolidated causes in which the decree was entered are embodied in the

bill of review; whether the master's report should have been incorporated as part of the pleadings; whether all necessary parties were made defendants to the bill of review; and whether it was filed within apt time. As we view this proceeding, however, the salient question to be determined is whether or not a bill of review for error apparent upon the face of the record will lie to review and reverse a decree which is challenged solely because of the alleged foregoing inconsistencies appearing therein. This point is not considered by plaintiff in his brief but is argued rather fully in the brief filed by defendants, who contend that plaintiff seeks to make his bill of review take the place of an appeal or writ of error, which they say cannot be accomplished under the well established law of this State.

In his reply brief plaintiff's counsel argues that upon a bill of review for errors apparent upon the face of the decree the court will reverse or revise its own decree for an erroneous application of the law to the facts as found in a decree whenever a court of appeals would do so for the same reason, and relies upon several cited decisions. The first of these is *Evans v. Clement,* 14 Ill. 206, wherein it was held that upon a bill of review for errors of law the court will not reconsider the evidence but will inquire whether the law was properly applied to the facts which the record shows were found by the court, and will revise or reverse its own decree for an erroneous application of the law to the facts found, whenever a court of appeals would do so for the same reason. However, the liberality indicated by the court, at that time does not appear in the later decisions in this State.

In *Garrett v. Moss,* 22 Ill. 363, cited by plaintiff, it was conceded by the court that an acknowledgment which had been held to be valid in a prior decree was actually invalid; nevertheless, the court held that this

error could not be reached by a bill of review for error apparent upon the face of the record.

In another decision cited by plaintiff, *Vyverberg v. Vyverberg,* 310 Ill. 599, a bill of review had been sustained by the trial court but was reversed by the Supreme Court and remanded with directions to dismiss the bill. In that case a bill of review was based upon error apparent on the face of the record. Among other errors, it was alleged in the bill of review that the decree was erroneous because it found that one of the parties was adjudged insane December 15, 1905, which was less than a year before the filing of the petition; also because it provided that one Ludwig Schulz should not be required to see to the application of the purchase price paid for the sale of the property in question, because it provided for the approval of the bond by the clerk, and required the payment of the sum of $200 from time to time within five years, without providing definitely at what times and in what amounts the sums should be paid. The trial court found that the decree should be reversed for these alleged errors, and also for the reason that the homestead right of the wife in the estate of her husband was a vested right, valued at $1,000, and in the absence of her competency and consent to relinquish it, it could not be less than $1,000. In reversing and remanding the decree pursuant to the hearing of the bill of review, the Supreme Court said (pp. 603, 604):

"The errors alleged and those found by the court are all merely questions of procedure and not jurisdictional questions. They do not affect the right of the court to hear and decide, but only go to the question of the correctness of the court's decision. . . . The questions open for examination are such questions as arise on the pleadings, proceedings and decree. (*Palenske v. Palenske,* 281 Ill. 574.) The question is not whether the facts found in the decree

under review are in accordance with the evidence, but whether the court correctly applied the law to the facts found by it. If the findings of the court upon matters of fact are not supported by the evidence, the remedy is by appeal or writ of error and not by bill of review. (*Ebert v. Gerding,* 116 Ill. 216.) An attack upon a decree by a bill of review is collateral so far as a purchaser who was not a party to the suit is concerned, and his title will be protected if the court had jurisdiction of the parties and the subject matter. (*Hedges v. Mace,* 72 Ill. 472; *Teel v. Dunnihoo,* 221 id. 471.)''

In *Regner v. Hoover,* 318 Ill. 169, a decree dismissing a bill of review for error apparent on the face of the record was sustained by the Supreme Court under the following circumstances: A decree *pro confesso* had been entered against Viola M. Hoover-Regner, in a cause in which Merritt O. Hoover, her father, was complainant. The error alleged in the bill of review was that relief was granted in the decree which was not warranted by the allegations of the bill. The question presented was whether the original cause ought to be opened to trial on its merits, and in discussing this question the court said (pp. 170, 171, 174):

''A bill of review is in the nature of a writ of error and is brought for error of law apparent on the face of the decree and for the purpose of the review. It includes not only the decree but the pleadings and facts as found in the original cause. (*Vyverberg v. Vyverberg,* 310 Ill. 599; *Palenske v. Palenske,* 281 id. 574.) An attack on a decree by a bill of review is collateral. The question is not whether the facts found in the decree under review are in accordance with the pleading and evidence but is one of law. *A bill of review cannot be made to function as an appeal or writ of error. (Harrigan v. County of Peoria,* 262 Ill. 36.) *Remedy for error in the final decree is by*

*appeal or writ of error, and the error to be reviewed by a bill of review must be more than the result of a mistaken judgment. The question whether there is an error apparent on the record is one of law, as where an infant has not had his day in court or where the decree provides relief against the provisions of statute law, as a decree directing a legacy to be distributed contrary to the statute of distribution.* (Story's Eq. Pl., sec. 405.) . . .

"Counsel contends that relief in this case should be granted because, it is argued, the pleadings did not justify the decree. *It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present questions of procedure and not jurisdiction, and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the correctness of the court's decision, and are not open on a bill of review.* (*Vyverberg v. Vyverberg, supra.*)" (Italics ours.)

In the recent case of *Knaus v. Chicago Title & Trust Co.*, 365 Ill. 588, opinion filed February 12, 1937, and rehearing denied April 8, 1937, the court reiterated the rule that a bill of review cannot serve as a writ of error or as an appeal. The court said that although the complaint in that case was designated as one to "quiet title, cancel instruments and accounting," it was apparent from the allegations of the bill that its sole object was to obtain a review of the earlier foreclosure proceedings between the same parties and involving the same subject matter, and that it was in fact a bill in the nature of a bill of review; that the complaint, if it were to be treated as one to impeach a decree for error apparent upon the face of the rec-

ord, was nevertheless insufficient; and after citing *Regner v. Hoover,* 318 Ill. 169, said that a bill of review cannot be made to function as an appeal or writ of error. "The error to be reviewed by a bill of review must be more than a mistake in judgment."

In *Weinberg v. Larson,* 275 Ill. App. 475, we held, upon the authority of *Regner v. Hoover,* 318 Ill. 169, that a bill of review cannot serve to function as a writ of error or appeal to a higher court.

In *Scotten v. Littlefield,* 235 U. S. 407, it was held that although the decision of the district court which determined the case sought to be reviewed is alleged to have been decided upon principles inconsistent with a subsequent decision by the Supreme Court of the United States, the subsequent decision will not lay the foundation for a bill of review for errors of law apparent.

The error alleged to be apparent on the record in the instant case involved legal principles relating to the validity of the extension agreement and its effect upon the right of Frydrychowicz to collect on the bond which he holds from the signers of the agreement. Judging by the earnestness with which counsel on both sides argue the question of law affecting their respective contentions that the agreement was valid or invalid, it would seem at best to be a debatable question, going only to the correctness of the court's decision as to whether the signers of the agreement are or are not liable. That question involves an application of the law to the provisions of the agreement, a determination as to its mutuality, whether it was supported by a valid consideration, and its legal effect on the rights and liabilities of the parties involved, but a bill of review cannot serve to function as a writ of error or an appeal for the purpose of reviewing the correctness of the court's decision as to the legal principles involved.

We are of the opinion that the chancellor properly sustained defendants' motion to strike plaintiff's complaint and committed no error in entering the decree dismissing it for want of equity, and the judgment of the superior court in so doing is therefore affirmed.

*Judgment affirmed.*

SCANLAN and SULLIVAN, JJ., concur.