(No. 25025.—

Mary E. Woodworth, Appellant, *vs.* Anna Sandin *et al.* Appellees.

*Opinion filed April 17, 1939.*

ROBERT T. TERRY, (DAVID J. MADDOX, of counsel,) for appellant.

WILBUR E. JOHNSON, and WELSH & WELSH, (C. K. WELSH, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action by appellant, Mary E. Woodworth, in the nature of a bill of review to impeach a decree of foreclosure and sale, entered in the circuit court of Winnebago county, on the ground of fraud, and to redeem. The premises in question were sold by the master, pursuant to the decree, at public auction on January 3, 1934. Appellant filed her original complaint on July 22, 1938, and on October 29, 1938, filed her amended complaint.

The amended complaint alleges that appellant is the widow of Charles E. Woodworth, now deceased; that she and her husband held the property in question as joint tenants; that, during his lifetime, they executed a note secured by mortgage in the principal sum of $2600, bearing date October 20, 1931, payable in three years after date, with interest at the rate of six per cent per annum, payable to N. P. Nelson; that Nelson, the original mortgagee, entered into a conspiracy with one Anna Sandin, Paul Fricke, Dr. N. Lindstedt and Paul Lindstedt, defendants herein, to cheat and defraud appellant, and on October 20, 1931, Nelson assigned and delivered the mortgage note to the purported Anna Sandin, who was not in existence at the time of the said assignment, but was a mere dummy under the influence of the defendant Nelson.

Appellant further alleges that the principal and interest of the said promissory note was not paid when due, whereupon the defendant Anna Sandin, assignee of Nelson, filed her bill to foreclose the mortgage and obtained a decree of foreclosure and sale, and that the property was sold by the master on January 3, 1934, at public sale, to the purported

Anna Sandin for $3074.46, the amount of the principal of the note, plus interest and costs; that the property had been appraised by reputable appraisers at $17,000; that, in reality, no money was paid and the purported Anna Sandin took possession under a writ of assistance. Appellant also alleges that the assignment of the mortgage deed never was recorded in Winnebago county and that, therefore, appellant had no knowledge of the assignment, as she had all her dealings with Nelson; that by some means unknown to appellant, Dr. N. Lindstedt became the owner of said note and mortgage, which interest he assigned to Paul Lindstedt; that, thereafter, Paul Fricke secured an interest therein and has the management of said property and collects the rents.

Appellant further alleges in her complaint that she has been deprived of her property without due process of law in violation of the State and Federal constitutions; that she had no attorney to represent her as is required by law; that she engaged attorney G. W. Brown who filed an answer for her in the foreclosure proceedings but before the case was reached for trial Brown was elected to a State office which prevented his engaging in the practice of law; that he informed her he would appear in court and withdraw as attorney of record and would turn the papers over to her, but before he had an opportunity to do so he was stricken with a mental ailment and adjudged insane. She alleges that, thereafter, she made repeated efforts to secure an attorney in Rockford, Illinois, but all the attorneys she approached refused, on one pretext or another, to take her case; that defendant Nelson conspired with the other defendants to cheat appellant of her property, knowing she had no attorney, and appeared before the circuit judge and caused him to be prejudiced against her; that when the case was called she told the court she was not ready for trial because she had no attorney, and the court continued the case until the next day, whereupon she left the court room, but when she got downstairs a man known to her told her the

case was being heard, and that she immediately returned to the court room and as she entered she heard the court grant the decree against her.

Appellant further alleges that after the decree was entered, but before the master's sale, she tendered to Nelson the full amount necessary to redeem the property, including principal, interest and costs, and Nelson told her he was no longer interested in the property and that she would have to see Anna Sandin; that she made several attempts to locate Anna Sandin and that Anna Sandin could not be found. She alleges that she has been, at all times thereafter, ready and willing to redeem said property yet the defendants failed or refused to accept the tender; that all the principal has been satisfied and paid out of the profits of the mortgaged premises received by the defendants or one of them, and appellant has lately renewed her request to defendants to permit her to redeem the premises and account with her for the rents and profits received by defendants, which defendants refused to do, pretending appellant has no equity in said premises. She prays in her complaint that an accounting be had as to the rents and profits collected by defendants and as to the amount still due as to principal or interest, if any, and that defendants be decreed to deliver up the possession of the premises to appellant and be compelled to release said mortgage of record.

The court sustained a motion to strike the complaint and denied appellant's motion to file a further amendment. Appellant then made a motion for leave to withdraw the complaint, which was denied, and the court dismissed the suit for want of equity.

Appellant contends, on appeal, that the tender of payment made by her to the party whom she knew as the owner and holder of the mortgage, which that party refused to accept but informed her he had assigned the mortgage and note, though he failed to direct her how to get in touch with the assignee or to suggest that she make pay-

ment to the master in chancery, was a proper tender, and that the bill should not have been dismissed for want of equity where the tender was made prior to the expiration of the period of redemption. Her counsel argue that the conduct of the mortgagee was fraudulent and inequitable, and that equity, in the exercise of its jurisdiction to grant relief in cases of fraud, accident or mistake, may grant relief where the appellant, the owner of the equity of redemption, has been induced to suffer her right of redemption to lapse through the fraud or inequitable conduct of the mortgagee. Appellant also contends that where the holder of the mortgage assigns the mortgage and note to a third party and fails to record the assignment or give notice thereof, the proper party to make payment or tender to is the original mortgagee.

It is a fundamental rule of pleading that a complaint, in order to stand, must contain sufficient averments to state a cause of action. Furthermore, to maintain a bill of review to open up a decree on the ground of fraud, the charges and proof of fraud must be clear and conclusive, and the burden of proof is upon one charging the fraud to establish the same by clear and satisfactory evidence. *Regner* v. *Hoover,* 318 Ill. 169; *Plank* v. *Plank,* 303 id. 254.

As grounds for her contention that the appellee Nelson conspired to cheat and deprive her of her property, appellant argues that when she made a tender of payment to N. P. Nelson before the master's sale he refused to accept the payment and told appellant he no longer had any interest in the premises and that his interest had been assigned to Anna Sandin, and that when appellant made several attempts to find Anna Sandin she could not find her. This is not an allegation of fraudulent and inequitable conduct, and is not a sufficient averment that Nelson deceived appellant in any way. Had the assignment of the mortgage and note been recorded, appellant would have known no more than what Nelson told her,—namely, that Anna Sandin was the assignee. She does not aver that she requested

Nelson to tell her the place of residence of Anna Sandin which request was refused, nor does she allege that she sought information from him as to whom she could make payment which information was refused. Her complaint does not allege fraud on his part other than as a mere conclusion. It does not support her argument, here, that she was fraudulently prevented from making payment to the master in chancery or from learning the whereabouts of Anna Sandin.

The allegation that Anna Sandin was a fictitious and non-existent person is a mere conclusion of the pleader apparently based on the fact that appellant could not find her. From the complaint it appears that appellant's failure to find Anna Sandin was due to appellant's own lack of diligence and that her failure to redeem the premises was due to her own negligence or that of her attorney, and she cannot rely upon her own negligence or that of her attorney as a ground of relief. *Schaefer* v. *Wunderle,* 154 Ill. 577; *Tone* v. *Wilson,* 81 id. 529.

It is true, as appellant urges, that equity will grant relief where the purchaser at a mortgage foreclosure sale has, by fraudulent conduct, prevented the owner of the equity of redemption from redeeming within the statutory time. *Ogden* v. *Stevens,* 241 Ill. 556; *Henderson* v. *Harness,* 184 id. 520.

A perusal of the cases will show that one seeking to redeem in such a case must allege and prove inequitable conduct on the part of the purchaser, such as the making of an oral agreement to permit the owner to redeem after the statutory period had run, (*Ogden* v. *Stevens, supra,*) or inducing the owner of the equity to refrain from redeeming the property until after a suit involving the validity of the sale of the premises has been determined. *Henderson* v. *Harness, supra.*

Appellant alleges she received notice of the foreclosure proceedings, appeared and filed an answer. She does not contend that she had any defense to the foreclosure pro-

ceeding. She knew from the bill of foreclosure who the assignees of the note and mortgage were. She does not aver that Nelson made any statements or promises to let her redeem after the statutory period had run or that she was induced to delay by anything he did or said. Nelson could not rightfully accept the money tendered him and release the mortgage when he no longer had any interest in the premises. Appellant had notice of the sale and could have appeared and paid to the master the amount necessary to redeem. She does not allege that she received no notice of the sale of the premises or that the notice was insufficient. (*Webber* v. *Curtiss,* 104 Ill. 309.) Nelson was under no obligation to see that she found Anna Sandin and pay her the money tendered him or to help her redeem the premises. Appellant, by her complaint, admits that third persons, defendants herein, have obtained an interest in the premises since the foreclosure and sale.

By admitting in her complaint that the principal of and interest on the note were due when the mortgage was foreclosed by the assignee of Nelson, and that she had notice and appeared, she must be held to have known to whom tender of the amount due should be made, and cannot now contend that Nelson was the proper party to whom such tender should have been made. Cases cited by her counsel are not analogous to the one before us. As appellant's complaint does not allege any facts or circumstances which show fraudulent conduct on the part of Nelson or the other defendants, her complaint is without equity and was properly dismissed.

The decree is affirmed.

*Decree affirmed.*