# CASES

### ARGUED AND DETERMINED

##### IN THE

# SUPREME COURT OF ILLINOIS.

LIVINGSTON COUNTY BUILDING AND LOAN ASSOCIATION

*v.*

ANNA L. KEACH *et al.*

*Opinion filed December 20, 1905.*

1. EQUITY—*when a bill to locate boundary line cannot be maintained.* Where, as a result of a boundary line dispute between the owners of lots on each side of a person's property, the latter is deprived of the full width of his lot, he may bring ejectment against the one of such abutting owners who is encroaching on his property, but he cannot maintain a bill in equity to have the court ascertain which of such abutting owners is in the wrong and render a decree fixing his boundary line accordingly.

2. SAME—*when equitable jurisdiction is exercised.* Equitable jurisdiction is exercised only when the legal remedies are inadequate and there is a necessity for the interposition of equity to prevent unnecessary, annoying and harassing suits.

3. SAME—*when bill cannot be sustained as a bill to remove a cloud.* A bill against the two adjoining neighbors of the complainant, one or the other of whom is alleged to have encroached upon his land, cannot be maintained as a bill to quiet title, where the bill alleged that both defendants admit complainant has title to a strip of land of certain width between their lots, the only controversy being as to what are its true boundaries.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

A. C. NORTON, and R. B. CAMPBELL, for plaintiff in error.

C. C. & L. F. STRAWN, and WHITE & TUESBURG, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, Livingston County Building and Loan Association, filed its bill in equity in the circuit court of Livingston county against defendants in error, Anna L. Keach and Fanny L. White. The court sustained a demurrer of the defendants to the bill and dismissed it at complainant's cost.

The facts stated in the bill as a basis for the relief asked for are, that the complainant is the owner of the south sixty feet in width of lot A, in Babcock's addition to Pontiac, which was laid out and platted in 1857 by Billings P. Babcock, who was then the owner of the premises; that the defendant Anna L. Keach owns the land adjoining complainant's said property on the north and defendant Fanny L. White owns the land adjoining complainant's said property on the south; that both said defendants admit that complainant is the owner of and has the legal title to said south sixty feet in width of lot A, but they disagree as to where the boundary lines of the lot are; that defendant Anna L. Keach claims that the southern boundary of lot A is identical with the north line of block 6, in the city of Pontiac, while the defendant Fanny L. White insists that said southern boundary is seven feet and eight inches further north; that the defendant Anna L. Keach has taken possession of the land up to the north line of complainant's property as she claims it to be, and Fanny L. White

has taken possession on the other side up to the south line as she claims it to exist; that defendants have left to complainant only fifty-two feet and four inches in width, while they both concede that between the correct boundary lines there is a distance of sixty feet; that on account of the plat being ambiguous as to the starting point it is not clear whether the southern boundary of complainant's property is identical with the north line of block 6 or whether it is seven feet and eight inches north of the north line of said block. The prayer of the bill is that the court shall ascertain and fix the true boundary lines of complainant's property, settle the conflicting claims of the defendants in respect to the property and the location of such lines, and settle and declare the rights and titles of the parties to the strips of land in dispute.

It is contended that the court erred in not sustaining the bill as a bill to remove a cloud and quiet title, and also for the reason that a resort to equity was necessary to avoid a multiplicity of suits. If the bill were a bill to remove a cloud and quiet title it could not be maintained, for the reason that the complainant was not in possession of the premises in dispute and they were not vacant or unoccupied. (*Gage* v. *Curtis*, 122 Ill. 520; *Johnson* v. *Huling*, 127 id. 14.) But there is no cloud upon complainant's title to be removed. The bill alleges that both of the defendants admit the title and ownership of the complainant, and that the only controversy is whether the property is located in one place or another. While the prayer of the bill is broad enough to involve a freehold estate, the averments do not show that there is any adverse claim of title which is apparently valid and which constitutes a cloud.

Complainant has a complete remedy at law, and for that reason cannot resort to a court of equity. The strip seven feet and eight inches wide on the north is in the possession of Anna L. Keach, and if it is a part of complainant's sixty feet there is a remedy against her by ejectment. If the seven feet and eight inches on the south side, in the possession

of the defendant Fanny L. White, is a part of complainant's lot the law affords the same remedy against her.

There is no equitable ground for relief to prevent a multiplicity of suits. According to the bill but one of the defendants is wrongfully in possession of the complainant's property, and, with the facts ascertained, but one action is necessary. The equitable jurisdiction is only exercised when legal remedies are inadequate and there is a necessity for the interposition of equity to prevent unnecessary, annoying and harassing suits. (14 Ency. of Pl. & Pr. 219.) There is no such condition shown by the bill.

The bill does not allege where the true southern boundary is or where complainant's property is located, but prays the court to investigate and determine that question. The bill is not a bill of interpleader, but is brought to enforce property rights and interests of the complainant. In such a case it is necessary for the complainant to aver and prove such facts as will establish its rights, and it is not the province of a court of equity to take up the burden of discovering the facts necessary to show where complainant's property is located. The court was right in sustaining the demurrer.

The decree is affirmed.                    *Decree affirmed.*