CITY OF IRON MOUNTAIN v. IRON MOUNTAIN WATERWORKS.

1. EQUITY — JURISDICTION — ACCOUNTING — ADEQUATE REMEDY AT LAW.

In a suit by a bill in chancery by a city against a waterworks company for an accounting and to restrain an action at law, where the exact amounts claimed to have been illegally paid by plaintiff, when paid, and what for, are not in dispute, and the ultimate object of the suit is to recover from defendant said money, and defendant's answer states distinctly that it has no claim against the

city except certain items for water furnished and a judgment obtained by it against plaintiff previously, there can be no occasion to invoke the jurisdiction of equity for an accounting.

2. MUNICIPAL CORPORATIONS—CONTRACTS—CITY OFFICIALS—VIOLATION OF STATUTE—VITIATING CONTRACT.

A contract lawfully entered into between a city and a waterworks company, by which the latter agreed to furnish the city with water upon agreed terms, could not be vitiated or changed by, on the one hand, having an officer of the city become a stockholder of said company, or, on the other, by an officer or stockholder of said company becoming a city official; neither party may escape its obligations under the contract by any unlawful and criminal conduct of its members in said particular.

3. EQUITY—JURISDICTION—CONSTRUCTION OF CONTRACT.

That the construction of a contract, or statute, or other serious questions of law or fact are involved, affords no ground for equitable interference.

4. SAME—DEMAND FOR MONEY JUDGMENT—ADEQUATE REMEDY AT LAW.

Where plaintiff's suit by bill in chancery amounted to a demand for a money judgment, for which it has an adequate remedy at law, the decree entered will be set aside and the case remanded to the trial court for transfer to the law side of the court, under authority of 3 Comp. Laws 1915, § 12351.

Appeal from Dickinson; O'Brien, J., presiding. Submitted January 9, 1919. (Docket No. 12.) Decided July 17, 1919.

Bill by the city of Iron Mountain against the Iron Mountain Waterworks to enjoin an action at law and for an accounting. From the decree rendered, both parties appeal. Reversed, and case remanded under 3 Comp. Laws, § 12351.

*Doyle & Barstow,* for plaintiff.

*H. M. Pelham,* for defendant.

STEERE, J. Plaintiff filed this bill of complaint to recover claimed items of overpayment alleged to have been unlawfully collected from it by defendant during a period of years beginning in 1901. Defendant is a waterworks company organized, incorporated and operating in the plaintiff city under the so-called "waterworks act" for which we are referred to chapter 84, 1 How. Stat. (1882), *vide* 3 Comp. Laws 1915, § 11282 *et seq.* Plaintiff is now a city of the fourth class under the general State law, without special charter, having been originally incorporated and its charter rights acquired, as we are advised, under chapter 80, 1 How Stat. (1882).

When either of these incorporations took place is not disclosed, but concededly some time before February 23, 1892, for on that date the city adopted a lengthy ordinance, called the waterworks franchise, accepting a waterworks plant of defendant then in operation as having been constructed within the requirements of said ordinance, which fixed the rates to be charged for water furnished by defendant for public and private use, provided amongst other things for a rental by the city for a period of years of 156 hydrants then in place, and for other hydrants which thereafter might from time to time be needed and placed, required that defendant should supply water to the city for certain public uses free of charge, prohibited water being taken from public hydrants or fountains for private consumption, provided for the extension of water mains thereafter by defendant, either voluntarily or as directed by the city authorities, required that connections between the water mains and consumer's place of use should be made at the latter's expense, that the consumer or company could at any time demand metered water and the party demanding the same should pay the cost of the meter, forbid defendant taking water from Lake Antoine into

its mains and imposed forfeiture of hydrant rentals while so doing, with many other details too numerous to mention. This ordinance was accepted by the waterworks company which has furnished water to the city of Iron Mountain and its inhabitants since that time.

Plaintiff makes no complaint of its relations with defendant prior to 1901, its grievances, begun in that year and since continued as it complains, being chiefly predicated upon the claim that members of its council who were stockholders and officers of the waterworks company participated as city officials in the allowance and payment to defendant of its bills for service rendered and water furnished to the city, in violation of section 2993, 1 Comp. Laws 1915, which provides that:

"No member of the council or any officer of the corporation shall be interested, directly or indirectly, in the profits of any contract, work or service (other than official services), to be performed for the corporation," * * *

—and imposes upon any city officer convicted of offending against such inhibition punishment by fine and imprisonment. The bill prays for a construction of the waterworks ordinance, or franchise, for an accounting, a decree for repayment to the city of the moneys illegally paid by it to defendant and an injunction to restrain threatened action at law by defendant to collect bills claimed due it from the city.

Defendant answered issuably in denial and explanation, pleaded the statute of limitations as to any items paid to it by the city more than six years prior to commencement of suit and admitting certain of its stockholders were at different times members of the city council and its board of public works, alleges that all bills paid it by the city within that time were audited and allowed by not less than six aldermen of the city who were not stockholders, and who constituted a

majority of the council.  A hearing before the trial court resulted in a final decree in favor of plaintiff in the sum of $1,659.08 from which both parties have appealed.

Defendant first makes the contention that no equitable ground of relief is made out by the proofs, as plaintiff's case resolves itself into an effort to recover a money judgment for bills claimed to have been unlawfully collected from it, the items and amounts of which are not in dispute while its right to recover is contingent on issues of law involving no questions giving chancery jurisdiction, or equitable considerations; and that what plaintiff contends is the controlling legal question could be settled in an action at law by it, or by the action it alleged defendant was about to begin and asked the court to enjoin.

The action which defendant was about to commence involved three items for water furnished the city during a certain period as follows: For its cemetery, $77.66; for its city building, $85.33; for its jail, $32.20. The ordinance required defendant to furnish free water to plaintiff for its public buildings used for city purposes and for certain public fountains, it being specified that no water should be taken from such fountains for private use.  It appeared that years previously the pipes to supply free water for city use in the above cases had been tapped, as defendant claims at the instance of the city under a mutual arrangement agreeable to all parties, to supply offices in the city building rented by plaintiff to private parties, and to water the cemetery grounds beyond a public fountain, after which a certain agreed charge on an estimate of the respective uses was made and paid for the water metered into those pipes, until a proposition for separate meters and question as to whose duty it was under the ordinance to provide them arose, resulting in the city refusing further payment and

threatened action by defendant to recover for the same, which plaintiff forestalled by this suit in chancery asking for an injunction, an accounting and a decree for several thousand dollars claimed to have been illegally paid by it in those and various other waterworks matters since 1892.

Having claimed the right to and asked for an accounting it is contended for plaintiff that equity assumes jurisdiction of the whole controversy until it is finally disposed of. The exact amount of the various items claimed to have been illegally paid by plaintiff, when paid, and what for, are not in dispute. The ultimate object of this suit is to recover from defendant the money so unlawfully had and received by it. Defendant states distinctly in its answer that it has no claim against the city except the items for water stated above and a judgment obtained by it against plaintiff in the Dickinson county circuit court on January 19, 1917. Under such a state of facts there can be no occasion to invoke the jurisdiction of a court of equity for an accounting. The validity of the waterworks ordinance, which early in the case plaintiff was inclined to question under the general law on several grounds, is now conceded by both parties to be a valid and binding contract between them. No stockholder of defendant was a member of the council or officer of the city at the time of its adoption and acceptance in 1892 or for years thereafter. Iron Mountain was not then a city of the fourth class and it was expressly authorized by a special statute to enter into a 30-year contract with any waterworks company organized under the laws of this State for a supply of water for fire and other city purposes. Act No. 247, Local Acts 1891. This ordinance constituting the contract between these parties is a voluminous document defining their contractual rights and duties in great detail, apparently drawn with a studied effort to cover any

probable contingencies which might arise in the business during the period covered by the ordinance. Neither party could vitiate or vary this contract or escape its obligations under it by, on the one hand, having an officer of plaintiff become a stockholder of defendant, or, on the other, by an officer or stockholder of defendant becoming a city official, and then criminally attempt in violation of the statute to change those contractual obligations of the two corporations.

At the time the contract was entered into defendant had 13 miles of mains in operation and 156 hydrants installed for which the city agreed to pay a rental of $9,000 a year, and the water company agreed to supply water for fire protection and other public uses to the city, as specified, and to consumers within the city at stated prices for various purposes scheduled at much length with full details. Neither party in the final analysis can escape its obligations under this contract by any unlawful, and criminal, conduct of its members in the particular complained of.

It is also claimed by plaintiff services were rendered and things done by the waterworks company in its dealings with the city not comprehended by the ordinance, for which bills were rendered and unlawfully paid, involving determination of amount, prices, etc., in ordering which and auditing bills therefor the council necessarily contracted with defendant, directly or by implication, and in violation of the statute, whenever a stockholder of the latter was a member of the council. This would only raise other questions of law and fact, if the facts are disputed, which the law courts are fully empowered to deal with and dispose of.

The contention that plaintiff is entitled to invoke the aid of a chancery court for an accounting in relation to these matters because they involve relations between these parties in the nature of a trust is not tenable. As between the municipal corporation, or its

officers, and its citizens something of that nature might possibly be discerned, but the parties to this suit bore no such relations to each other. They were dealing at arm's length as contracting parties and only legally bound by their contract obligations, express or implied. In this State, law and equity are separately administered. Asking an accounting in relation to undisputed amounts alleged to have been received from plaintiff in violation of statutory prohibition cannot change the form of action or confer jurisdiction upon the chancery court. The rights of these parties spring solely from legal duties and obligations. That the construction of a contract, or statute, or other serious questions of law or fact are involved, affords no ground for equitable interference. Plaintiff's demand is for a money judgment, and on the issues presented it has a plain, complete and adequate remedy at law.

This suit by bill in chancery was not commenced in the proper forum where rested complete jurisdiction to fully dispose of the controversy. It should have been brought and tried as an action on the law side of the court. The chancery decree appealed from will therefore be set aside, with costs to defendant, and the case remanded to the trial court for transfer to the proper side under authority of section 12351, 3 Comp. Laws 1915, if requested, with such further proceedings as parties may desire and the court determine.

BIRD, C. J., and MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.