HALL  *v.*  DETROIT  ESTATES  CORPORATION.

1. CANCELLATION  OF  INSTRUMENTS—MORTGAGE  BONDS—EQUITY—DISMISSAL.

Suit for cancellation of instruments executed in furtherance of plan for refinancing construction of building, involving exchange of bonds for stock in company taking over property, and also mortgages executed by latter for purpose of completing building, was properly dismissed for want of equity, where it appears that plaintiff, who exchanged his bonds for stock, had only $2,000 of $350,000 worth of bonds issued, and that most of the bondholders have exchanged their bonds for stock and are not here complaining.

2. EQUITY—ADEQUATE REMEDY AT LAW—DISMISSAL.

Where plaintiff was not entitled to any equitable relief prayed for, and only relief possible under general prayer of bill is damages, which are recoverable, if at all, in action at law, and plaintiff declined offer to transfer cause to law side of court, bill was properly dismissed.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 7, 1931. (Docket No. 26, Calendar No. 35,257.) Decided December 8, 1931.

Bill by Arden Hall, trust mortgage bondholder, against Detroit Estates Corporation, a Michigan corporation, and others to set aside certain conveyances and transactions. Bill dismissed. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright,* for defendant Union Guardian Trust Company.

*Warren, Hill & Hamblen,* for defendant National Bank of Commerce of Detroit.

*Yerkes, Goddard,. McClintock & Shreve,* for de-. fendants Fidelity Bank & Trust Company and Andrew C. Sisman Company.

NORTH, J.   In part, the facts and issues here involved are the same as those in *Pittelkow Heating & Engineering Co.* v. *Detroit Estates Corporation, ante,* 116.  Plaintiff herein was the owner of $2,000 in bonds issued on the Detroit apartment property by the Detroit Estates Corporation as outlined in the *Pittlekow Case.*  Incident to refinancing the Detroit Estates Corporation's affairs, plaintiff, like most of its other bondholders, exchanged his bonds for stock in the Andrew C. Sisman Company, receiving 20 shares of preferred stock and 10 of common. It appears in this bill of complaint that, in refinancing the Detroit Estates Corporation and after title to its property had passed to the Andrew C. Sisman Company, it mortgaged the premises to the National Bank of Commerce of Detroit for $525,000. and it also gave a deed of trust to the Fidelity Trust Company to secure a bond issue of $500,000.   From funds thus obtained the apartment building was completed by the Sisman company; and it is alleged in plaintiff's bill of complaint that "mostly all" of the bondholders exchanged their bonds for stock in the Sisman company.

Plaintiff alleges and relies for relief not only on the frauds noted in the *Pittelkow Case,* but further alleges that the Union Trust Company in violation of its trust and the other defendants denied the bondholders information to which they were entitled and concealed from them the true facts as to the value

of their bonds. Plaintiff further alleges at that time the bonds were worth two per cent. above par and accrued interest, and that defendants conspiring together deceived, cheated, and defrauded plaintiff and most of the bondholders by inducing them to exchange their bonds for alleged worthless stock in the Sisman company. The relief sought by plaintiff is that the exchange of his bonds for stock be canceled; that the conveyance of the Union Trust Company by which it divested itself of the trustee's title, under which plaintiff and other bondholders held, be also canceled; that the conveyance to the Sisman company and its instruments of incumbrance to the National Bank of Commerce and the Fidelity Trust Company be set aside; and further, that the defendants be enjoined from disposing of or incumbering the apartment property and from proceeding further with the exchange of bonds of the Detroit Estates Corporation for the stock of the Sisman company. Upon filing of the bill a temporary injunction was issued. On motion of the Fidelity Trust Company, after hearing, the temporary injunction was dissolved and the bill of complaint dismissed. Plaintiff has appealed.

The motion to dismiss was based on the following grounds: (1) Want of equity, (2) adequate remedy at law, (3) laches, and (4) estoppel. A review of the record convinces us that the order dismissing plaintiff's bill of complaint was justified both on the ground of want of equity and because he has an adequate remedy at law.

From the face of the bill it appears that "mostly all" of the holders of the $350,000 bonds issued by the Detroit Estates Corporation exchanged their bonds for stock in the Sisman company, that this

exchange enabled the Sisman company to obtain title to the apartment property and thereafter it mortgaged the premises to the National Bank of Commerce for $525,000 and also gave a trust deed to secure a bond issue in the sum of $500,000 to the Fidelity Trust Company. As above noted, from funds thus obtained it completed the apartment building. Plaintiff, the holder of only $2,000 of the $350,000 of the Detroit Estates Corporation's bonds seeks to have the whole refinancing proposition nullified, notwithstanding it is fair to infer from his bill that "mostly all" of the other bondholders have been parties to it and so far as we are advised are not complaining. Obviously such a result would be highly inequitable; and plaintiff surely should not be granted such relief if he has a remedy at law. If, as we think it must be found from this record, plaintiff is not entitled to any of the equitable relief specifically prayed, the only relief possible under the general prayer of his bill is damages which are recoverable, if at all, in an action at law. The following is from the opinion of the circuit judge:

"I feel that the injunctive relief, under the circumstances, is unconscionable, if such a phrase can be used. For the most part, all the defendants that any decree of this court could reach are financially responsible. There is no allegation in the bill, or no showing that such institutions as the Andrew C. Sisman Company, the Fidelity Trust Company, the Union Trust Company, the National Bank of Commerce, and possibly other of the defendants are not financially responsible, to the extent that any judgment or decree that might be entered could not be enforced against any or all of the defendants. * * * I cannot agree with counsel for plaintiff that the relief sought is anything or represents anything but a money demand. * * * Feeling that this represents

a demand for money judgment, nothing else, I will take the position that equity has no jurisdiction over matters alleged in the bill, and gives the court but one of two alternatives; either to dismiss the bill without prejudice and allow counsel to institute proceedings on the law side of the court, or transfer this bill to the law side of the court.''

Counsel for plaintiff declined to transfer the cause to the law side of the court, and his bill was dismissed. We agree with the circuit judge's statement contained in the above-quoted portion of his opinion; and affirm his disposition of the case. Costs to appellees.

WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.