GRUBIAK v. UNITED STORE FIXTURE CO., INC.

CANCELLATION OF INSTRUMENTS—FRAUD—ADEQUACY OF REMEDY AT LAW.

  Bill to rescind contract to purchase restaurant furniture, furnishings and fixtures and for damages for seller's alleged fraud *held*, properly dismissed where buyer had adequate remedy at law.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 16, 1937. (Docket No. 130, Calendar No. 39,603.) Decided October 4, 1937.

Bill by Steve Grubiak against United Store Fixture Company, Inc., a Michigan corporation, for rescission of contract, damages, and injunction restraining transfer of note. Decree dismissing bill

except for portion asking for injunction.   Plaintiff appeals.   Affirmed.

*Isaac M. Smullin,* for plaintiff.

*Leonard V. Pylkas,* for defendant.

WIEST, J.   Plaintiff, under written order, purchased from defendant restaurant furniture, furnishings and fixtures to be manufactured, turned in as part payment some used fixtures, paid defendant something and gave his note for $1,000.   Claiming that the fixtures and furnishings delivered did not comply with the purchase agreement and, fearful that defendant would dispose of the note, plaintiff filed the bill herein asking for rescission, damages and return of his note.

The original bill was amended and the amended bill amended and, upon motion to dismiss, the circuit judge held that the bill stated no case in equity, but continued the temporary injunction, issued upon the filing of the bill, restraining defendant from disposing of the note pending an action at law.

Plaintiff reviews the granting of the motion to dismiss and contends that there was fraud on the part of defendant and asks that the court of equity retain jurisdiction.

Defendant has not appealed from the continuance of the injunction.

Plaintiff has an adequate remedy at law and defendant has a right to a jury trial.

Affirmed, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.