Sidney J. Allen and Claude E. Allen, Administrator of Estate of Ida C. Allen, Deceased, Appellants, v. Illinois Mineral Company et al., Appellees.

538

JOE CRAIN, of Mound City, and MILLER & MILLER, of Cairo, for appellants; C. S. MILLER, of counsel.

DEWEY & CUMMINS, of Cairo, for appellees; WILLIAM S. DEWEY, of counsel.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This is a suit in chancery brought by Sidney J. Allen and Ida C. Allen, his wife, against International Silica Company, Illinois Mineral Products Company, Aud M. Davis and Jesse Rhymer, defendants, in which plaintiffs ask for an accounting for silica said to have been taken from certain lands, which they claim to own, by virtue of a lease entered into between plaintiffs and defendant Aud M. Davis, which was assigned by Davis to the International Silica Company, and by the latter assigned to the Illinois Mineral Company. The suit was subsequently dismissed as to the International Silica Company. Following the trial Ida C. Allen died, and Claude E. Allen, administrator of her estate, was substituted as a party plaintiff.

Defendants admit the execution of the lease and title of plaintiffs to the land which it covered, but deny that any silica was mined under such premises or that an accounting was due, or that they were indebted to plaintiffs on such account. A decree was entered dismissing the complaint for want of equity, and plaintiffs seek by this appeal to reverse such order.

It is conceded by both parties that the silica mined by defendants was not taken from below the surface of the land to which plaintiffs had record title, but from under an adjoining tract which plaintiffs claim to own by adverse possession, which ownership is disputed by

defendant Rhymer who asserts that he is the owner of same. In addition to the prayer for accounting, plaintiffs sought an injunction to restrain defendants from taking any more silica from such premises.

Plaintiffs' case is based upon their claim of adverse possession to the strip of land under which the silica was mined, and if they had not acquired title thereto by prescription their case falls. It will thus be seen that the foundation of plaintiffs' case is based upon the determination of the legal title to such land, which is a matter ordinarily to be decided by a court of law in an appropriate proceeding, and not to be heard in equity; *Livingston County B. & L. Ass'n v. Keach*, 219 Ill. 9. The only way in which plaintiffs can invoke the aid of a court of chancery in such situation is upon the theory that an accounting of rents and royalties is necessary and of a character that will justify a court of equity in hearing same.

Defendants did not by motion, nor in their answer, set up a lack of jurisdiction of the trial court to entertain the cause, nor did they assert that plaintiffs had an adequate remedy at law in the premises. However, it appears to be the settled law of this State that such defense may be raised, though not claimed by motion or answer, where the proofs clearly establish that such accounting was unnecessary; *Toledo St. L. & N. O. River R. Co. v. St. Louis & O. River R.*, 208 Ill. 623; *Hogg v. Hohmann*, 330 Ill. 589. The rule is based upon the familiar principle that if a court has no jurisdiction of the subject matter of a suit the parties cannot, by consent or act, invest the court with such authority, and that lack of jurisdiction to hear a cause is a question which can be raised at any time it becomes manifest, whether proposed by the pleadings or not.

It is not every matter of account which is cognizable in equity. Corpus Juris Secundum, vol. 1, p. 646, sec. 14, states the law relative thereto as follows: "The true rule is that the mere existence of an account

will not confer jurisdiction, and that to warrant the interference of equity there must be a fiduciary relation, or mutual or complicated accounts or a need of discovery, or some other special ground of equitable jurisdiction, such as fraud, unless the circumstances of the fraud are such that adequate relief could be had in a court of law.''

In *County of Cook v. Davis,* 143 Ill. 151, an accounting suit, in passing upon this proposition the court ruled: ''Where a court of law is competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right of trial by jury is secured to them. In such cases either party has a right to demand that the matter of the defendant's liability be submitted to a jury according to the course of the common law, and unless some special and substantial ground of equity jurisdiction be alleged, and, if necessary, proved, such as that a lien exists for the money demand which cannot be adequately enforced at law, or that discovery is necessary to a recovery by complainant, or other like equitable considerations affecting the adequacy of the remedy at law, courts of equity will decline to interfere.''

Also, in the same case, on page 155, the court says: ''In actions cognizable at law the mere fact that an accounting is necessary, even when there are cross-accounts, is insufficient to give a court of equity jurisdiction, (*Hadley v. Morrison,* 39 Ill. 392,) 'the general rule being that a proper case is presented when the remedies at law are inadequate.' '' And to the same effect are, *People v. Small,* 319 Ill. 437; *Farrar v. Pillsbury,* 217 Mass. 330, 104 N. E. 737; *City of Iron Mountain v. Iron Mountain Waterworks,* 206 Mich. 537, 173 N. W. 612; *Becker v. Frederick W. Lipps Co.,* 131 Md. 301, 101 Atl. 783; *Diehnelt Inc. v. Root,* 183 Wis. 535, 198 N. W. 388.

The complaint must show that plaintiff has no adequate legal remedy and must allege some special and

substantial ground of equity jurisdiction such as fraud, the need of a discovery, the mutuality or complexity of accounts, or the existence of a fiduciary relation; *Custis v. Serrill*, 303 Pa. 267, 154 Atl. 487; *Duncan v. Dazey*, 318 Ill. 500; *Boriss Const. Co. v. Deasey*, 212 Ala. 528, 103 So. 470; *Croft Land Co. v. Royal Block Coal Co.*, 87 W. Va. 570, 105 S. E. 799; *Reynolds v. Hook*, 109 Cal. App. 226, 292 Pac. 1000. None of these elements are charged in the complaint, except the averment that defendants International Silica Company, Davis and Rhymer, conspired to defraud plaintiffs out of the silica so mined. This, however, is but the conclusion of the pleader, and sets forth no facts from which a conspiracy to defraud might be inferred, hence as an allegation of fraud is wholly insufficient; *Dickinson v. Dickinson*, 305 Ill. 521.

Plaintiffs' case, as thus stated, is but a money demand for silica mined and unpaid for, based upon the contention that it was taken from land to which they had acquired title by adverse possession, the determination of which question was precedent to establishing their right of recovery. Within the rule of the authorities cited the complaint did not state a cause of which a court of equity would have jurisdiction. Upon the hearing the proof failed to show any reason why a court of law could not hear and adjudicate the cause as well as one in chancery; no fraud was proved, no fiduciary relation was shown, there was no mutuality of accounts, and nothing appeared to indicate a need for discovery. There were numerous items shown of the taking of silica, which, if plaintiffs' claim is well founded, would give rise to a recovery; however, the mere fact that the account involves a great number of items does not alone and of itself present a case of complexity of account which justifies or requires the aid of equity; *American Spirits Mfg. Co. v. Easton*, 120 Fed. 440; *Church v. Anti-Kalsomine Co.*, 118 Mich. 219, 76 N. W. 383.

The Appellate Court of the First District, in *Calumet Nat. Bank v. Friendship B. & L. Ass'n,* 250 Ill. App. 322, at page 328, in passing upon this proposition, held: "The fact that 211 checks are involved in the proceeding does not necessarily, of itself, constitute an action so complicated and involved that it cannot be tried at law."

Here no special grounds of equitable jurisdiction are either averred or proven, which are necessary to confer power upon a court of chancery to decree upon an accounting. The most that can be said is that it is an action to collect a debt, which can be as well heard and determined in a court of law where plaintiffs would have a complete and adequate remedy for the enforcement of their rights; hence the chancellor rightly dismissed the complaint for want of equity.

The decree is affirmed, without prejudice to plaintiffs to bring an appropriate action at law if they be so advised.

*Decree affirmed.*