**Daisy E. Davis, Appellant, v. S. T. Oliver et al., Appellees.**

**Gen. No. 9,463.**

Heard in this court at the February term, 1939. ■■■■■■ Opinion filed February 9, 1940. Rehearing denied March 19, 1940.

THOMAS F. REILLY, of Chicago, for appellant.

F. B. BENNETT and CHARLES P. BARNES, both of Woodstock, and HENRY L. COWLIN and WALTER F. KELLEY, both of Crystal Lake, for appellees.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On August 8, 1936, a consent decree in a foreclosure proceeding pending in the circuit court of McHenry county was entered, from which no appeal was taken. On July 8, 1938, a complaint in the nature of a bill of review to set aside this decree was filed in the circuit court of McHenry county, to which a motion to strike was sustained and the complaint dismissed with leave to the plaintiff to file an amended complaint within 20 days. Within the time specified and on August 11, 1938 an amended complaint was filed, which was stricken on motion of the defendants and an appeal was prosecuted to the Supreme Court, which transferred the cause to this court. *Davis v. Oliver*, 371 Ill. 287.

From the amended complaint it appears, as stated by the Supreme Court in its opinion, that appellant

and her husband were the owners of certain subdivision property consisting of a large number of unimproved lots; that in 1927 and 1928 two deeds of trust were executed to Lynn Richards, trustee, covering most of said lots, to secure one loan of $25,000 and a second loan of $7,662.93; that in 1930 all of the lots described in said two mortgages were conveyed by appellant to the Woodstock State Bank as trustee for the purpose of carrying out the terms of a certain trust agreement known as trust No. 53, by the provisions of which said bank could sell and convey any of said lots and apply the proceeds as specified in the trust agreement. The amended complaint further alleged that in 1931 Richards, as trustee, filed his bill to foreclose the two trust deeds and in that proceeding the Woodstock State Bank as trustee filed a cross-bill setting forth its rights and duties under the trust agreement. That by stipulation between appellant and the holders of the notes under the Richards' trust deeds, 52 lots were dismissed from the foreclosure so that the Woodstock State Bank as trustee could complete certain sales of lots under the trust agreement to purchasers thereof and apply the money so received therefrom on the mortgages and for other purposes set out in the trust agreement. The amended complaint further alleged that on December 30, 1929, a suit to foreclose a mechanics' lien was filed by James Stearns and that thereafter this suit was consolidated with the foreclosure proceeding instituted by Richards, trustee. It is then alleged that on April 4, 1936, the parties to said foreclosure suit met, compromised, agreed and settled the foreclosure suit and entered into a stipulation to that effect by which all the lots covered by the trust deeds except one were to be conveyed by appellant to the Woodstock State Bank as trustee and all of her indebtedness canceled. The amended complaint then alleges that a decree was presented to Judge Shurtleff at his residence in Ma-

rengo and subsequently signed by him and on August 8, 1936 filed with the circuit clerk of McHenry county. It is then alleged that this decree "did not recite the lots covered by the trust deeds or mortgages as provided for by the stipulation of the parties but on the contrary by mistake, inadvertence or fraudulent intent, said decree did recite that G. E. Stott and Daisy E. Davis will sign, acknowledge and deliver to the State Bank of Woodstock as trustee a good and sufficient deed of conveyance covering all the premises conveyed to the State Bank of Woodstock, as trustee, by the deed from John W. Davis and Daisy E. Davis to the State Bank of Woodstock, Trustee, bearing date of August 4, 1930 and recorded in the Recorder's office of McHenry County in Book 201 of Deeds at page 250." It is then alleged that this provision of the decree was wholly different from the settlement agreed upon and the stipulation of the parties in that it directed appellant to convey to the said bank of Woodstock 52 lots which had been dismissed out of said suit according to the former order and in addition thereto required appellant to convey 14 lots which were never covered by the Richards trust deeds. It is then alleged that by reason of the wrongful conduct and practices of the defendants appellant was defrauded and wrongfully deprived of these 52 lots and these 14 lots and the complaint prayed that the decree be set aside and that the State Bank of Woodstock be ordered to convey to the plaintiff or such parties as shall be designated by her all parts or parcels of land not covered by the trust deeds which were foreclosed and that said bank be ordered to account to the plaintiff for any funds received on said lots since April 4, 1936. The defendants in the proceeding are S. T. Oliver, deputy receiver of the United State Bank of Crystal Lake, Illinois, P. F. Rosenthal, Anton Ibels, G. D. Crabtree and State Bank of Woodstock, trustee.

Counsel for appellant concedes that the instant proceeding is a collateral attack upon the decree of Au-

gust 8, 1936 and admits that the court rendering that decree had jurisdiction of appellant and all other parties to that proceeding but, as we understand his argument, insists that as to 14 lots not described in the trust deeds and 52 lots as to which the foreclosure proceeding had been dismissed, the court did not have jurisdiction to make any order concerning them and that the decree so far as these lots were concerned is a nullity.

An examination of the record discloses that these lots (not 14 in number as counsel states but 17 tracts, being 15 full lots and a part of 2 other lots) were described in the cross-bill filed by the State Bank of Woodstock as trustee and were also described in the deed executed by appellant and her husband on August 4, 1930, which conveyed the legal title thereto to the State Bank of Woodstock as trustee. They were also described in the trust agreement executed by appellant and in the declaration of trust and these instruments were attached to and made a part of the cross-bill filed by said bank in said foreclosure proceeding. These lots therefore were before the court and were within the jurisdiction of the court at the time the final consent decree was rendered. As to the 52 lots which were described in the original bill to foreclose as to which an interlocutory decree had been entered dismissing the bill so far as they were concerned, an examination of the record discloses that the amended complaint alleges that the bill was dismissed as to them in order that the bank, as trustee, might be able to carry out contracts which it had made with various purchasers, the interlocutory decree providing that upon payment to the trustee of the balance of the purchase price by the purchaser of any of these lots that then the bank as trustee should convey to such purchaser the lot so purchased.

*Regner v. Hoover,* 318 Ill. 169, was a bill in the nature of a bill of review seeking to vacate a decree *pro confesso* rendered by the superior court of Cook

county against the plaintiff. The error alleged was that the relief granted was not warranted by the allegations of the bill or prayed in the prayer thereof. In the course of its opinion the court said:

"A bill of review is in the nature of a writ of error and is brought for error of law apparent on the face of the decree and for the purpose of the review. It includes not only the decree but the pleadings and facts as found in the original cause. (*Vyverberg v. Vyverberg,* 310 Ill. 599; *Palenske v. Palenske,* 281 id. 574.) An attack on a decree by a bill of review is collateral. The question is not whether the facts found in the decree under review are in accordance with the pleading and evidence but is one of law. A bill of review cannot be made to function as an appeal or writ of error. (*Harrigan v. County of Peoria,* 262 Ill. 36.) Remedy for error in the final decree is by appeal or writ of error, and the error to be reviewed by a bill of review must be more than the result of a mistaken judgment. . . .

"Counsel contends that relief in this case should be granted because, it is argued, the pleadings did not justify the decree. It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present questions of procedure and not jurisdiction, and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the correctness of the court's decision and are not open on a bill of review. *Vyverberg v. Vyverberg, supra.*"

In *Miller v. Rowan,* 251 Ill. 344, the court said:

"A judgment or decree is not binding upon anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. The

court did have jurisdiction of the parties, and the appellant, who is disputing the binding effect of the decree, was one of the complainants. Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack. If there is a total want of jurisdiction in a court its proceedings are an absolute nullity and confer no right and afford no protection but will be pronounced void when collaterally drawn in question.''

*Knaus v. Chicago Title & Trust Co.*, 365 Ill. 588 was a bill in the nature of a bill of review, having for its object a review of a prior foreclosure proceeding theretofore had in the circuit court of Cook county. In the course of its opinion the court said that the constitution confers on circuit courts original jurisdiction of all causes in law and equity, that jurisdiction of the subject matter is power to hear and determine cases of the general class to which the proceedings in question belong and that such jurisdiction does not depend upon the sufficiency of the bill of complaint, the validity of the demand set forth therein, the regularity of the proceedings or the correctness of the decision rendered and that where a decree is rendered by a court having jurisdiction of the person and of the subject matter, it is not subject to attack in a collateral proceeding. So in the instant case the decree

attacked was rendered by the circuit court of McHenry county, which had full jurisdiction of foreclosure proceedings and there is no merit in appellant's contention that its pronouncements so far as these lots and parts of lots were concerned are not binding upon the parties to that proceeding.

It is held in *Cox v. Lynn,* 138 Ill. 195, and numerous other cases that it is indispensably necessary to the sufficiency of a bill of review that a copy of the bill, answer, replication and decree in the proceeding sought to be reviewed should be given and that a synopsis of these files is not sufficient. In the amended complaint in the instant proceeding this was not done. For instance on page 67 of the transcript of the record, the third paragraph of the amended complaint appears and it is as follows: "3. That on the 17 day of October 1931 this plaintiff appeared and filed her answer (to the original bill) in words and terms as follows:" No answer is found and the foregoing allegation is all that appears on this page. At the top of the next page the fourth paragraph of the complaint commences and the cross-bill of the State Bank of Woodstock is set forth in *haec verba.* Paragraph five of the amended complaint appears on page 127 of the record and is as follows: "5. And thereafter, on the ―――― day of ―――― 193 this defendant filed her answer to said cross bill which said answer was in words and terms as follows:" No answer to the cross-bill is found in the amended complaint. Under the authorities this amended complaint was clearly insufficient and amenable to appellees' motion to dismiss.

Furthermore, the record contains 193 pages. Counsel's abstract thereof is less than eight printed pages. It is wholly insufficient and this court, under our rules, would be justified in affirming the decree for want of a sufficient abstract. Again an examination of the record discloses that at least seven persons who were parties to the original foreclosure proceeding and par-

ties thereto at the time the consent decree was entered were not made parties to this proceeding.

It is also insisted by counsel for appellant that this decree is void because it was entered at a time and place not authorized by law. There is no merit in this contention. The allegations of the amended complaint are that plaintiff is informed and believes that the attorney for the State Bank of Woodstock appeared before Judge SHURTLEFF at his home in Marengo on August 7, 1936, pursuant to notice, and then and there presented to him a decree which was signed by him and that this decree was entered in the circuit court of McHenry county on August 8, 1936. This decree is then set forth in *haec verba*. The decree recites that the cause came on to be heard upon the pleadings of the various parties to the suit, the various interlocutory orders and decrees rendered, upon the testimony of witnesses as well as upon documentary evidence submitted by the parties. The decree then recites that the court after having ascertained that all the parties before the court have consented to the entry of the decree and have agreed to the provisions and conditions therein found then proceeds to make numerous findings and orders which finally determined the cause.

Other reasons were set forth in appellees' motion to strike which warranted the court in sustaining their motion which need not be mentioned. The chancellor did not err in sustaining the motion to strike and dismissing the amended complaint and the decree appealed from will therefore be affirmed.

*Decree affirmed.*