GITCHELL v. NATIONAL BANK OF DETROIT.

1. EQUITY—ADEQUATE REMEDY AT LAW.
   A suit in equity will not lie where the remedy at law is full and adequate.

2. BANKS AND BANKING—GENERAL DEPOSITS.
   A general deposit establishes relation of debtor and creditor between bank and depositor, is repayable on demand in whole or in part, consists of money which is mingled with that of other depositors in fund chargeable with payment of general deposits, possesses no trust quality, loses its special identity in the general commingling and passes title to money so deposited to the bank.

3. SAME—DEPOSIT OF TRUST MONEY.
   Trust money, not deposited as special deposit in bank but in a general deposit, loses its identity as trust money, bank acquires title thereto and becomes debtor therefor.

4. TRUSTS—GENERAL DEPOSIT IN BANK—CONSTRUCTIVE TRUSTEE—ADEQUATE REMEDY AT LAW.
   After receiver had deposited receivership funds in a general deposit in a bank, bank may not be held a constructive trustee thereof at suit of plaintiff successor-receiver for misappropriations by original receiver, alleged to have been made with knowledge and aid of the bank, so as to permit plaintiff to maintain a suit in equity as plaintiff has an adequate remedy at law.

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 12, 1940. (Docket No. 87, Calendar No. 40,943.) Decided March 15, 1940.

Bill by Mazie Gitchell, successor receiver of the Orlando Hotel, against National Bank of Detroit,

the Commonwealth Bank, The Detroit Bank, and James E. Meredith for an accounting, a money decree against defendant banks, and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Lawson & Giles* (*William B. Giles,* of counsel), for plaintiff.

*Archer F. Ritchie* and *Henry F. Massnick,* for defendant National Bank of Detroit.

*Charles F. Meyler* (*Morris Magy,* of counsel), for defendant Commonwealth Bank.

SHARPE, J.   Plaintiff, as successor receiver of the Orlando Hotel, filed a bill in chancery in the circuit court of Wayne county against the defendants herein to recapture funds which were misappropriated by defendant Meredith, the former receiver.

The bill alleged that the defendant James E. Meredith was appointed receiver of the Orlando Hotel on January 30, 1934; and that the order appointing him, among other things, provided as follows:

"(d)  Said receiver shall deposit all proceeds derived from the operation and management of said premises in a bank in the city of Detroit, and shall so designate such bank account as properly to identify it as a receivership account in the management and operation of said premises; disbursements made in the operation and management of said premises shall be by check on such bank account, except that the receiver may hold as petty cash not exceeding $25 at any time, out of which to pay minor expenses, but he shall in all cases take proper receipts therefor."

Pursuant to the order appointing him, Meredith opened a commercial account with the defendant

National Bank of Detroit at its Grand River-Lothrop office for the deposit of receivership funds. A copy of the order appointing Meredith receiver was filed with the bank at the time of opening the account. From this account, Meredith misappropriated approximately $11,000. Some of the misappropriations were consummated by drawing receivership checks payable to cash and then depositing those checks in the National Bank of Detroit to the credit of "James E. Meredith, Special Account;" others were deposited to the credit of his wife; two were credited to "Hoover Hotel, J. E. Meredith, Receiver," and "Hotel Willard, J. E. Meredith, Agent." Meredith also used receivership checks drawn on receivership funds to pay his personal insurance. Seven receivership checks made payable to the order of cash and totaling $2,007 were deposited by the Commonwealth Bank to the credit of James E. Meredith Company. One receivership check for $725, made payable to the order of cash, was deposited by the Detroit Bank to the credit of James E. Meredith, Agent for Arnold Monash.

Each of the three defendant banks filed a motion to dismiss plaintiff's bill of complaint and gave as reasons:

1.   That plaintiff has an adequate remedy at law;
2.   That there is a misjoinder of causes of action in that:
a.   The bill of complaint seeks to combine inconsistent causes of action;
b.   The actions asserted against the respective defendants cannot be maintained concurrently;
3.   That there is a misjoinder of parties defendant in that:
a.   Said bill of complaint seeks to join several causes of action against several defendants when the liability is several and not joint;

b. Different liabilities are asserted against the several defendants.

The trial court granted defendants' motions and dismissed plaintiff's bill of complaint as to these defendants, from which order plaintiff appeals and contends that a successor receiver in endeavoring to recapture receivership funds misappropriated by the predecessor receiver may sue in equity and join the drawee bank of deposit who knowingly or negligently aided in the misappropriations and is not confined solely to the remedy at law; and that a misjoinder of parties defendant is not ground for dismissal.

It is a general principle of law that where the remedy at law is full and adequate, a suit in equity will not lie. In *City of Iron Mountain* v. *Iron Mountain Waterworks,* 206 Mich. 537, we said:

"The rights of these parties spring solely from legal duties and obligations. That the construction of a contract, or statute, or other serious questions of law or fact are involved, affords no ground for equitable interference. Plaintiff's demand is for a money judgment, and on the issues presented it has a plain, complete and adequate remedy at law."

See, also, *Detroit Trust Co.* v. *Old National Bank of Grand Rapids,* 155 Mich. 61; *Hall* v. *Detroit Estates Corp.,* 256 Mich. 121; *Paeth* v. *Squire,* 277 Mich. 283; *Grubiak* v. *United Store Fixture Co., Inc.,* 281 Mich. 576.

In the case at bar, it is conceded that all funds were properly credited to the account of the depositor in the National Bank of Detroit; and that when Meredith opened a receivership account with the above bank, the receiver became a creditor of the debtor bank and no fiduciary relationship then existed between the receivership and the bank.

In *Owosso Masonic Temple Ass'n* v. *State Savings Bank,* 273 Mich. 682, we said:

"A general deposit creates the relation of debtor and creditor between the bank and the depositor, and may be repaid on demand, in whole or in part, in current money. It consists of money which is mingled with money of other depositors in a general fund chargeable with the payment of general deposits, possesses no trust quality, and loses its special identity in its general commingling with the funds of the bank. * * * In case of a general deposit, there is a depositor, not a bailor; a debtor, not a bailee; a creditor, not an owner. * * * The title to the money constituting a general deposit does pass to the bank.

"Where one receives money as a trustee and it is not placed in a special deposit in the bank but in a general deposit so its identity is lost, it becomes the bank's money and the bank becomes debtor for the amount."

But plaintiff contends that when Meredith began misappropriating receivership funds with the knowledge and by the aid of the National Bank of Detroit, the bank became a constructive trustee and liable to account for its participation. Plaintiff relies upon *McIntosh* v. *Detroit Savings Bank,* 247 Mich. 10, as authority for the proposition that a court of equity has jurisdiction in the case at bar. We have examined that case and find that it involves a partnership accounting, a bank account, and certain indebtedness of the partnership to the bank, while the case at bar is a case to recover money from the banks. In the *McIntosh Case, supra,* there was no appropriate remedy at law as a partnership accounting can only be had in equity.

In 47 C. J. p. 1198, the law is stated in the following language:

''An action for a partnership dissolution and accounting is a proceeding in equity, and, until the partnership is dissolved, the business wound up, and the accounts finally settled, a partnership accounting is, as a general rule, the only civil remedy available to a partner against his copartners with respect to any claims arising out of the partnership business.''

An examination of the prayer of the bill of complaint discloses that the only relief sought against the defendant banks is a money decree.

In *Lee* v. *Hedenskoog,* 200 Mich. 427, we said:

''From the statement made by plaintiff's counsel upon the hearing it is made very clear that all that the plaintiffs sought was a money decree. While the plaintiffs had by their bill of complaint prayed for an accounting, yet at the hearing no accounting was claimed, or had, on the partnership affairs. It is very apparent that a court of law was just as competent as was a court of equity to award a money judgment, and that plaintiffs could not use the chancery forum for the purpose, simply, of obtaining a money decree. We think the court of equity had no jurisdiction, and that the plaintiffs should have been sent to a court of law.''

In the case at bar, a court of law is fully capable of rendering the relief prayed for. There is no basis for equity jurisdiction. In view of our decision upon this point, we find it unnecessary to decide other questions raised.

The decree of the lower court is affirmed, with costs to the defendant banks.

POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. BUSHNELL, C. J., did not sit.