### DAVIS v. STATE BANK OF WOODSTOCK.

#### No. 8727.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1945.

Thomas F. Reilly, of Chicago, Ill., for appellant.

George R. Lyon, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment, entered July 27, 1944, dismissing plaintiff's complaint. The cause was tried upon the pleadings, in connection with certain exhibits and affidavits attached thereto. The suit is labeled by the plaintiff as one for an accounting, predicated upon a theory that she has an interest in a trust known and designated as trust No. 53 wherein the defendant bank was and is trustee. In the court below, as here, three defenses were interposed: (1) The complaint fails to state a claim upon which relief can be granted; (2) the action is barred by the statute of limitations of the State of Illinois and by laches; and (3) the action is barred by prior adjudication. It is not clear from the record which of the defenses was relied upon by the court in dismissing the complaint, but the judgment indicates that each of them was sustained.

Plaintiff's counsel failed to appear here for oral argument and the cause has been submitted on briefs. We think it is not unfair to observe that plaintiff's brief is of little assistance in ascertaining either the issues involved or the legal principles upon which she bases her claim for an accounting.

It appears that the controversy revolves largely around a decree entered August 8, 1936, in the Circuit Court of McHenry County, Illinois, in a mortgage foreclosure proceeding designated as case No. 24879. It is alleged by plaintiff with reference to this decree that it was procured by defendant "with the sole purpose and intent of defrauding this plaintiff and depriving her of her property." While there is no direct allegation that this decree is void, we assume that to be plaintiff's contention; otherwise, she could have no interest in the trust as all such interest was extinguished by the decree.

In order to consider plaintiff's asserted right to an accounting as well as the defenses interposed by the defendant, it seems pertinent to recite the situation of the parties which preceded and led up to the entry of the decree under attack, as well as the actions of the parties subsequent thereto.

On August 4, 1930, plaintiff and her husband, since deceased, conveyed certain lots to the defendant as trustee under its trust No. 53 bearing the same date. The trust provided that the defendant was to

receive the proceeds from the sale of the real estate covered by the trust for the satisfaction of certain claims, any remainder to be turned over to plaintiff and her husband.

On April 25, 1931, a bill of complaint was filed in the Circuit Court of McHenry County, Illinois (case No. 24879) to foreclose two trust deeds. Plaintiff, a defendant in this suit, was represented by G. E. Scott, her attorney. The property covered by the trust deeds in the foreclosure suit included most but not all of the lots theretofore deeded to defendant in trust. Defendant here was also a defendant in the foreclosure suit and filed a cross bill, praying that its title to all of the lots be confirmed. During the pendency of this suit, pursuant to a stipulation signed by all the interested parties thereto, certain lots as to which the bank had entered into contracts of sale were dismissed from the foreclosure.

The lots which were included in the deed of trust of August 4, 1930, but not in the trust deeds in foreclosure, and some of the lots which were dismissed from the foreclosure as aforesaid, as to which contracts of sale were not completed, are the lots which are in controversy in the instant suit.

On April 4, 1936, the parties to the foreclosure suit (No. 24879), as alleged in the complaint, "thereupon compromised and settled all suits or actions then pending in the Circuit Court of McHenry County and any claims or interest which they might have that were to be satisfied, liquidated and settled under and in accordance to the terms of said trust agreement (agreement of August 4, 1930); and entered into a stipulation setting out the terms and provisions of settlement * * *." The stipulation provided that the bank retain "the property covered by the trust deeds and mortgages being foreclosed," with the exception of one specific lot, namely, lot 1 in block 9. The stipulation further provided that the bank convey said lot to plaintiff; that a certain trust deed and note signed by plaintiff and her husband covering property (not involved in the foreclosure suit) be canceled and delivered to G. E. Scott, her attorney; that plaintiff be released from all liability on the notes being foreclosed (case No. 24879); and that upon fulfillment of the conditions all interest of plaintiff in the lots described in the bill of complaint filed in the foreclosure suit be terminated.

On August 8, 1936, the decree was entered in the foreclosure proceeding (No. 24879). The decree recites the attendance in court of certain interested parties, including plaintiff by G. E. Scott, her attorney, and states that it was entered upon consideration of the agreement of the parties and their stipulations. (This is the decree alleged to have been fraudulently entered.) The property described in the decree included all of the lots conveyed by the deed of trust (August 4, 1930), including those which were not covered by the trust deeds and those which had been dismissed from the foreclosure.

In order to keep straight on this somewhat complicated factual situation, we reiterate that the property referred to in the compromise settlement of April 4, 1936 was that "covered by the trust deeds and mortgages being foreclosed," while the property described in the decree included the lots conveyed by the deed in trust, some of which were not covered by the trust deeds and some of which had been dismissed from the foreclosure. It is this discrepancy between the property described in the settlement agreement and that described in the decree which furnishes the basis, if any there be, for plaintiff's charge that the decree was fraudulently procured.

Without relating other provisions of the decree in detail, it is sufficient to note that they were in conformity with the settlement agreement of April 4, 1936. Plaintiff was released from liability on account of the notes involved in the foreclosure suit, was released from liability on account of another note covered by a trust deed (on property not involved in this suit), and the bank was directed to convey to her lot 1 in block 9. Plaintiff and G. E. Scott, her attorney, were directed to release all interest in the trust (August 4, 1930) under which the bank then held title to the trust property, and all interest in the proceeds derived from the sale of such property.

Pursuant to said decree, plaintiff delivered to the bank a quitclaim deed dated September 3, 1936. Her acknowledgment on this deed was taken by G. Scott, her attorney. The property described in this deed included all of the property deeded to the bank in trust on August 4, 1930 and as described in the decree of August 8, 1936. Consequently, it included all the property which she now contends was wrongfully taken from her by the asserted fraudulent decree.

■ We think we have recited sufficient facts to show that the complaint was properly dismissed. This is so for several reasons, the most important of which is that the complaint on its face fails to state a cause of action. It has frequently been held that a general allegation of fraud is a mere conclusion of the pleader and is not sufficient. Facts must be alleged which justify the allegation. Betten v. Williams, 277 Ill.App. 353, 359; Allen v. Illinois Mineral Co., 299 Ill.App. 537, 20 N.E.2d 898; Watson v. Gray, 322 Ill.App. 699, 54 N.E.2d 630. Particularly must the allegations of fact show fraud where it is sought to impeach a court decree. McCampbell v. Warrich Corp., 7 Cir., 109 F.2d 115.

■ The most that can be said of plaintiff's allegations of fact is that a mistake might have been made in the decree in describing the property. It is just as reasonable, however, and perhaps more so, to believe that the property was erroneously described in the compromise or stipulation upon which the decree was predicated. We think this is so for the reason that the stipulation, as shown by its recitals, was for the purpose of compromising and settling not only the rights of the parties to the foreclosure proceeding, including the property therein described, but also all claims and interest existing by reason of the trust agreement wherein the bank was trustee. The retention by the bank of only the property covered by the mortgage foreclosure would not have accomplished that purpose. The conveyance of the property provided for in the decree would and did affect a settlement in conformity with the intention of the parties as stated in the stipulation. The decree recites that all the parties were in court and consented to the decree, including the then counsel for plaintiff. This recital also is consistent with the thought that the parties recognized the property had been misdescribed in the stipulation and corrected it in the decree so as to carry out the purpose expressed in the stipulation.

Furthermore, the fact that plaintiff shortly after the entry of the decree recognized its validity by conveying to the bank by deed, acknowledged by her attorney, the precise property described in the decree militates strongly against her present contention. This act on her part suggests another reason why the complaint is deficient. If the decree was vacated, the bank would still have title to the property by reason of the deed. Such title would preclude an accounting unless the deed was also set aside. There is no charge in the complaint that the deed was fraudulently procured and no request that it be set aside.

The record indicates that reference to the deed was purposely omitted from the complaint. This is so for the reason that the Circuit Court of McHenry County on August 2, 1940 entered an order after hearing, dismissing plaintiff's complaint wherein the validity of this deed was directly in issue. In the complaint it was alleged that the deed was not signed by plaintiff, that it was executed and recorded without her knowledge or consent, and as a result of a conspiracy between the bank and other parties. These allegations were made notwithstanding the deed was acknowledged before plaintiff's attorney as a notary public. While the court's order of dismissal does not disclose the grounds therefor, no appeal was taken therefrom and it became final. Plaintiff evidently realizes the futility of attacking the validity of this deed in the instant suit. However, as pointed out, we are of the view that the complaint is deficient without allegations of fact which, if proven, would justify the setting aside of the deed as well as the vacation of the decree.

It follows from what we have said that the court was justified in dismissing the complaint for failure to state a cause of action. Under such circumstances, a consideration of the other defenses relied upon, that is, that the action was barred by the statute of limitations and by a prior adjudication, would unduly prolong this opinion without any good reason. It may be pertinent to note that plaintiff has been represented by numerous attorneys and has been engaged in almost continuous litigation in one form or another relating either to the decree under attack in this suit or the deed which was the subject of attack in a suit to which we have heretofore referred. One of such cases reached the Appellate Court and is reported in Davis v. Oliver, 304 Ill.App. 71, 25 N.E.2d 905. It is sufficient to observe in this respect that we have studied the issues raised and decided in these various suits and are of the view that the issue raised in the instant action has been heretofore adjudicated. To substantiate this view, of course, would require a consideration of the various issues.

heretofore raised and decided adversely to plaintiff. Inasmuch, however, as the complaint fails to state a cause of action, we give no further consideration to this latter defense.

The judgment is affirmed.