HEITSCH v. OAKLAND COUNTY DRAIN COMMISSIONER.

1. EQUITY—INJUNCTION—LAKE LEVELS—DAMAGES—EVIDENCE.
   Record in suit to enjoin proceedings to fix lake level *held*, insufficient to prove resulting damage to plaintiffs or effects adverse to their lower riparian lands justifying the intervention of equity (CL 1948, § 281.101 *et seq.*; § 281.201 *et seq.*).

2. WATERS AND WATERCOURSES—LAKE LEVELS—INJUNCTION.
   Plaintiffs, lower riparian owners from dam used in fixing lake level, who had statutory remedy available for protection of such rights as they have, are not entitled to enjoin proceedings to fix lake levels (CL 1948, § 281.201 *et seq.*).

Appeal from Oakland; Holland (H. Russel), J. Submitted April 12, 1956. (Docket No. 1, Calendar No. 46,343.) Decided September 4, 1956.

Bill by Robert D. Heitsch and Gladys J. Heitsch against Earl L. Clark, drain commissioner, the County of Oakland, a municipal corporation, and others for a declaratory judgment as to validity of statute granting authority to establish lake level, and for injunctive relief. The people of the State of Michigan, on relation of the director of conservation, intervene as party defendant. Bill dismissed. Plaintiffs appeal. Affirmed.

*Robert D. Heitsch, in propria persona,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[2] 19 Am Jur, Equity § 101.

*Harry J. Merritt,* Corporation Counsel, and *Charles A. Davis,* Assistant Corporation Counsel, for defendants drain commissioner and Oakland County.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Nicholas V. Olds,* Assistant Attorney General, for intervening defendant.

DETHMERS, C. J.   Plaintiffs are owners of land in Oakland county, along the Huron river, on which, for more than 100 years, a dam has existed which holds back the waters creating Oxbow lake on which they also own land abutting on and beneath its waters. Upstream some 2 miles above Oxbow lake is Pontiac lake, created by a dam installed in 1927 at a site between the 2 lakes.

In 1944, by order of the circuit court, the level of Pontiac lake was established in proceedings brought under PA 1939, No 194 (CL 1948, § 281.101 *et seq.* [Stat Ann 1952 Rev § 11.221 *et seq.*]), and since then the dam below that lake has been manipulated accordingly.   In 1947 proceedings were begun by petition filed with the county board of supervisors under PA 1945, No 276 (CL 1948, § 281.201 *et seq.* [Stat Ann 1952 Rev § 11.271 *et seq.*]), to establish the level of Oxbow lake.   In 1948 plaintiffs brought this suit in chancery to enjoin further proceedings to fix the level of Oxbow lake and the ·manipulation of the Pontiac lake dam to maintain its level in a manner adversely affecting water levels on plaintiffs' downriver properties.   After trial on the merits the court entered a decree dismissing the bill of complaint and dissolving a temporary injunction.   Plaintiffs appeal.

With respect to the operation and·control·of the Pontiac lake dam, the·court found that plaintiffs had failed to prove any resulting damage to them or

effects adverse to their properties justifying the intervention of equity.   Upon examination of the record, we are in accord.

The court was of the view that equity should not interfere with the Oxbow lake proceedings, brought under PA 1945, No 276, because, as it held, plaintiffs have an adequate and specific remedy thereunder. Plaintiffs complain that the remedy provided by the statute might not necessarily be available to interested property owners in all cases because of the statute's failure to provide for personal service on them of notice of proceedings thereunder. The statute contemplates that interested persons may, at any time within 5 years after the lake level has been fixed by the drain commissioner, proceed under the statute to challenge that action in the circuit court. That statutory remedy remains open to plaintiffs. If they desire to protest the fixing of the level of Oxbow lake by the commissioner, they should challenge it in the manner provided in the statute, rather than by invoking the aid of equity. *Gitchell* v. *National Bank of Detroit,* 292 Mich 586. If the taking of plaintiffs' property is involved, whether it be water-power rights at their dam or other rights, these may equally be protected and enforced under the statute and its provisions for condemnation proceedings.

Affirmed, with costs to defendants.

Sharpe, Smith, Boyles, Kelly, Carr, and Black, JJ., concurred.

Edwards, J., took no part in the decision of this case.